DANIEL J. TOUSSAINT, Appellant, v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY, a Corporation.—104 S. W. (2d) 263.

Division Two, April 21, 1937.

*Richard M. Molloy* and *C. O. Inman* for appellant.

*Wilton D. Chapman* for respondent;  *H. N. Quigley* and *S. W. Baxter* of counsel.

580

WESTHUES, C.—This case comes to the writer on reassignment. Appellant, Daniel J. Toussaint, sued respondent railway company for damages for personal injuries alleged to have been sustained while repairing a railroad car. In the petition plaintiff asked judgment in the sum of $45,000. The cause was based on the Federal Employers' Liability Act. At the close of plaintiff's case the trial court gave an instruction in the nature of a demurrer to the evidence. Plaintiff took an involuntary nonsuit with leave to move to set the same aside. Plaintiff later filed a motion to set aside the nonsuit, which the court overruled. An appeal was duly taken.

Respondent contends that plaintiff's evidence disclosed the action was not within the Federal Act because plaintiff was not, at the time of his injuries, engaged in work connected with interstate transportation; also, that plaintiff's evidence showed assumption of risk.

Since we have concluded that plaintiff was not, at the time of his injuries, engaged in work relating to interstate transportation, we need not discuss the question of assumption of risk. The facts are these: A box car of the defendant railroad, No. 54110, arrived in East St. Louis, Illinois, on April 4, 1929, loaded with merchandise from Indianapolis, Indiana. It was unloaded April 5, and then it was placed on what was called a rip or repair track. Plaintiff was a repairman and he was assigned, on April 8, to the task of making re-

pairs upon this car. A spring was broken, or missing, from the car, and plaintiff, following instructions, removed a spring from a coal car and placed it on car No. 54110. While using a clawbar in removing the spring from the coal car the bar slipped and the end of the bar struck plaintiff in the groin, resulting in a serious injury. Plaintiff alleged that the clawbar was defective. The car, after being repaired, was taken from the repair track and the next day, April 9, was loaded with merchandise and left destined for Anderson, Indiana, at 6:30 P. M.

In the case of Shanks v. Delaware, L. & W. Ry. Co., 239 U. S. 556, 558, the test to be applied in cases of this nature was thus stated:

"Was the employee, at the time of the injury, engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" This rule was reaffirmed in Chicago & E. I. Ry. Co. v. Commission, 284 U. S. 296, where two cases by the Supreme Court, which had applied a different test, were overruled. [See, also, Chicago, & Northwestern Ry. Co. v. Bolle, 284 U. S. 74.] It will be noted that the cases stress the point that the work must be connected with interstate transportation which has a narrower meaning than interstate commerce. This court, as it is required to do, has consistently applied the Federal rule. [See Benson v. Mo. Pac. Railroad Co., 334 Mo. 851, 69 S. W. (2d) 656; Jarvis v. C., B. & Q. Railroad Co., 327 Mo. 428, 37 S. W. (2d) 602; Phillips v. Union Terminal Railway Co., 328 Mo. 240, 40 S. W. (2d) 1046.]

In the case under consideration the car repaired by plaintiff had completed an interstate journey. It was then taken out of service for repairs. There was no evidence that this car was exclusively used in interstate transportation. The car was, therefore, so to speak, dead in the yards, subject to be designated when repaired and when needed for either interstate or intrastate commerce.

We will review a number of the cases cited by appellant. In North Carolina Railroad Co. v. Zachary, 232 U. S. 248, a fireman, upon an engine which had been designated to haul an interstate train, was fatally injured. The fireman had prepared this engine by oiling, etc, and was about to begin an interstate journey when he was struck and killed. In Chicago and Northwestern Railway Co. v. Bower, 241 U. S. 470, an engineer, before he was injured, had placed an engine upon the outgoing track in readiness to couple to cars for an interstate journey. In LaLone v. St. Louis Merchants' Bridge Terminal Railway Co., 316 Mo. 835, 293 S. W. 379, the plaintiff was injured while empty cars, designated for an interstate haul, were being taken to the freight house to be loaded, and in Morrison v. Terminal Railroad Assn., 57 S. W. (2d) 775, the plaintiff was injured while repairing a car which had not completed its interstate journey. The car

was taken out for repairs so that it might continue on its trip to its designated terminus. In the first three cases the injured parties were performing labor which had to do with movements of engines and cars in interstate transportation, and, therefore, the work was directly connected with such transportation and clearly within the Federal Act. In the last case cited the repairman's work had nothing to do with the movement of the car, but it had not completed its interstate journey and was, therefore, at the time the repair was made by plaintiff, in the service of interstate transportation. Plaintiff's work in that case was, therefore, so closely connected with interstate transportation as to be a part of it. It is apparent that those cases are not in point.

The facts in the case of Minneapolis & St. Paul Railroad Co. v. Winters, 242 U. S. 353, were very similar to the facts in the present case. There the plaintiff was making repairs upon an engine which had been used on October 18, in an interstate movement. It was again so used on October 21. It was on this date, October 21, that plaintiff was injured. The United States Supreme Court, in holding that plaintiff's case did not come under the Federal Act, said:

"An engine, as such, is not permanently devoted to any kind of traffic and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. *It simply had finished some interstate business and had not yet begun upon any other.*"

It will be noted that the engine in that case was placed in interstate service the same day the repairs were made. It was out of service only three days. So in this case the car upon which plaintiff was working had completed an interstate journey on April 5, and was placed on the repair track April 6. *It did not begin upon any other run until after the repairs were made.* Plaintiff's affirmative showing of the situation placed his case outside of the Federal Act. This conclusion renders the other points made by appellant immaterial.

The judgment is affirmed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.