JAMES B. MAXIE, Respondent, v. GULF, MOBILE & OHIO RAILROAD COMPANY, a Corporation, Appellant.—No. 40768.—219 S. W. (2d) 322.

Division One, March 14, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, April 11, 1949.

*Wayne Ely* and *Robert C. Ely* for appellant; *D. S. Wright* of counsel.

1102

*Sol Andrews, Wm. E. Gallagher* and *William H. Allen* for respondent.

1104

[323] DOUGLAS, P. J.—This is a second appeal by the railroad in a suit for personal injuries under the Federal Employers' Liability Act. At the first trial the case was submitted to the jury under the res ipsa loquitur doctrine, and the jury gave plaintiff judgment for $17,000. Upon appeal, we reversed and remanded on the ground submission under the res ipsa loquitur doctrine was error since the petition had pleaded acts of specific negligence on the part of the railroad. Our opinion is reported in 356 Mo. 633, 202 S. W. (2d) 904.

After remand plaintiff amended his petition to plead general negligence only, went to trial the second time, again submitted his case under the res ipsa loquitur doctrine, and again recovered a judgment. The judgment was reduced by remittitur from $32,000 to $16,000, and the railroad has appealed from the reduced judgment.

The facts are not disputed. At the second trial they were the same as those adduced at the first trial. The railroad put on no testimony at the first trial. At the second the testimony it adduced was to a large extent merely cumulative of plaintiff's testimony.

Plaintiff was employed by the railroad as a car repairer in its shops and yards at Mobile, Alabama. There, car repairs are separated into two general classes. Light and "running" repairs to cars are both made on certain tracks assigned for that purpose. Repairs which require more than one day and up to three days are classified as light repairs. Running repairs were those which can be done the same day. These may be performed on loaded cars as well as on empty ones. Heavy repairs to cars are made on other tracks designated for that purpose. These include even rebuilding a car. Sometimes so-called heavy repairs can be done in three days at the minimum —generally more time is required. Cars on the heavy repair tracks usually remain there for a week. Plaintiff was assigned to work at

heavy repairs. He was working on the repairs of a GM&O box car when he was injured. The railroad's records introduced by plaintiff described the work done on this car as "heavy repairs and painted red." The car came empty to the yards at Mobile from an interstate trip, remained on the heavy repair tracks there for a week, and then went out from the yards for loading and movement in interstate commerce.

At the time plaintiff was injured he was pulling nails from some used lumber preparatory to utilizing the lumber for repairing the roof of the car. The used lumber was stacked in a pile. Plaintiff would stoop over and pick up a board from the pile, hold the board in front of him while pulling out nails, and then throw the board to the side but also to the front. Plaintiff did his work facing the pile of used lumber. Some three and a half or four feet behind where plaintiff was working, four box car doors had been leaned in a stack against a post. The doors were approximately eight by nine feet, and weighed from 250 to 300 pounds each. Without warning the doors fell over on plaintiff, knocked him down and injured him. Plaintiff testified he did not touch or bump the doors and did not know what caused them to fall. Another car repairer was doing the same work on the other side of the pile of lumber. He was facing toward plaintiff and the doors. He saw the doors fall on plaintiff. The witness did not know what caused the doors to fall. No other witnesses saw the accident. Two other employees heard a cry for help and assisted in taking the doors off of plaintiff.

■ Since this is a second appeal, the questions for decision are collateral to determining the controlling question whether our opinion on the first appeal has properly declared the law of the case.

· When the issues and the evidence are substantially the same on both appeals, matters decided on the original appeal will not ordinarily be open to dispute but will be considered as settled on the second appeal. We have recognized as proper exceptions [324] to this rule such instances as where the decision on the first appeal was based on a mistake of fact or where it resulted in manifest injustice to the parties. Yakubinis v. M.-K.-T. R. Co., 345 Mo. 943, 137 S. W. (2d) 504; Swain v. Anders, 349 Mo. 963, 153 S. W. (2d) 1045.

■ The railroad makes two main contentions on this appeal. First it asserts the facts are different so the res ipsa loquitur doctrine was not applicable on the second trial. Second it says our decision on the first appeal plainly misinterpreted and misapplied the 1939 Amendment of the Federal Employers' Liability Act. 45 USCA, § 51 et seq.

On the latter contention the railroad argues we held the 1939 Amendment has the effect of putting the box car into interstate commerce at the time plaintiff was repairing it when in fact it was

withdrawn from such commerce while under heavy repair. The railroad draws that conclusion because we held that plaintiff who was engaged in performing heavy repairs on the box car was included under the act as amended. But, the railroad insists, cars undergoing heavy repairs are considered withdrawn from interstate commerce. It relies on those cases decided before the act was amended which generally used as the test of the application of the act: "Was the employee, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?" Shanks v. D. L. & W. Ry. Co., 239 U. S. 556. Under that test it was held when equipment was withdrawn from service for general repairs its use in interstate commerce was interrupted, so that an employee making general repairs would not be under the act. The length of time the actual movement of such equipment in interstate commerce was interrupted seemed to be the controlling consideration. For this reason running repairs were distinguished from general repairs. The courts drew very fine distinctions. A car withdrawn from actual movement for twenty-four hours or less for running repairs was held to remain in interstate commerce, so the act applied; but a car withdrawn for a few hours longer might be held to be out of interstate commerce, so the act would not apply. See Indutrial Accident Comm. v. Davis, 259 U. S. 183; Minneapolis & St. L. R. Co. v. Winters, 242 U. S. 353; Toussaint v. C. C. C. & St. L. R. Co., 340 Mo. 578; 104 S. W. (2d) 263; Oglesby v. St. L.-S. F. R. Co., 318 Mo. 79, 1 S. W. (2d) 172.

But we do not find our opinion interprets the amendment as the railroad contends. We did not hold the box car itself was being used in interstate commerce while it was in the yards under repair. Such a finding is no longer necessary to the application of the act. All that is now required for its application is that an employee's duties or any part of them must be in furtherance of or must closely affect interstate commerce. We held that plaintiff's duties were of such a character. We first pointed the act as amended now covers "any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter." Next we found from the undisputed facts plaintiff was regularly employed in repairing and rebuilding freight cars which came into the yards from interstate use and, after repair, went out of the yards into interstate use. So we ruled plaintiff's duties brought him under the act as extended by the amendment because they were in furtherance of and closely affected interstate commerce.

.Since the undisputed facts on this appeal are the same as on that one, we reach the same conclusion, and again rule plaintiff's duties brought him under the act as amended.

Our ruling accords with decisions of other jurisdictions. Since the amendment of 1939 it has been generally held that employees engaged in duties connected [325] with repairing cars and engines are under the act. The time element required for the repairs is apparently no longer the criterion. Shelton v. Thomson, 148 F. (2d) 1; Edwards v. B. & O. R. Co., 131 F. (2d) 366; Ermin v. Pennsylvania R. Co., 36 F. Supp. 936; Wright v. N. Y. C. R. Co., 43 N. E. (2d) 97; Trucco v. Erie R. Co., 353 Pa. 320, 45 A. (2d) 20; Southern Pac. Co. v. Industrial Accident Comm. 19 Cal. (2d) 271, 120 P. (2d) 880; Same v. Same, 19 Cal. (2d) 283, 120 P. (2d) 888; Same v. Same, 199 P. (2d) 364. For a case in this state see Wheeler v. M.-K.-T. R. Co. (Mo. App.) 205 S. W. (2d) 906. And for discussions of the purpose of the amendment, and its effect in extending the coverage of the act see: Scarborough v. Pennsylvania R. Co., 154 Pa. Super. 129, 35 A. (2d) 603; Lewis v. Industrial Accident Comm. 19 Cal. (2d) 284, 120 P. (2d) 886; Prader v. Pennsylvania R. Co. 49 N. E. (2d) 387; Great Northern R. Co. v. Industrial Comm. 245 Wis. 375, 14 N. W. (2d) 152.

The railroad contends under the evidence adduced at the second trial the res ipsa loquitur doctrine is not applicable because the inference may be reasonably drawn that the doors were caused to fall by plaintiff's touching or bumping into them. But such is not a fact. It is true that plaintiff, an ignorant man and apparently confused by a grilling cross examination, did give these answers on cross examination by railroad's counsel.

"Q. Yes, sir, and when you say, 'I don't know,' you mean you don't know whether you bumped into the doors? A. (No Response.)
Q. That is true isn't it? A. (No Response.)
Q. Is that true? A. I don't remember.
Q. Don't remember what? A. Whether I touched them or not.
Q. Don't remember whether you touched them or not. A. No.
Q. You don't remember whether you touched them or not? A. No, I don't.
Q. That is, you may have and you may not; you just don't remember? A. I don't know.
Q. Don't know? A. No."

The railroad relies on this testimony alone to support its contention that plaintiff himself caused the doors to fall. But this testimony does not legitimately support such inference. Futhermore, it should be read in its complete context, that is with plaintiff's testimony on his direct examination where he testified positively that he had no contact of any kind with the doors, and he did not know what caused them to fall. From a reading of his entire testimony we find no

basis for a legitimate inference that plaintiff's own actions caused the doors to fall.

The evidence shows that it was part of the duties of the railroad's labor gang to pick up the doors after they were removed from the cars brought in for repair, and to place them at convenient spots about the yards where they were stood in groups here and there against posts and walls by such gang. The doors which fell on plaintiff were stood up on end alongside a post. We find that all the evidence concerning the accident and the attendant circumstances reasonably warrants a legitimate inference that the proximate cause of plaintiff's injury was the railroad's negligence in the placing of the doors which fell on plaintiff. Hence, the res ipsa loquitur doctrine was properly applicable.

Even had the evidence of the injury and the attendant circumstances supported other reasonable inferences the doctrine could still apply. A plaintiff to come within the doctrine need not show such a state of facts surrounding the accident as excludes every reasonable hypothesis except defendant's negligence. The attendant facts must raise a reasonable inference of defendant's negligence but they need not also exclude every other inference. Gordon v. Muehling Packing Co., 328 Mo. 123, 40 S. W. (2d) 693; Cruce v. G. M. & O. R. Co., 358 Mo. 589, 216 S. W. (2d) 78; Terminal R. Assn. v. Staengel, 122 F. (2d) 271.

These two contentions raised on this appeal by the railroad must be ruled against it. Other matters presented have been correctly disposed of by our previous opinion so are not now appropriately before us for reconsideration.

The judgement is affirmed. All concur.