248 S.W.2d 610 (1952)
COLEMAN
v.
ZIEGLER.
No. 42475.
Supreme Court of Missouri, Division No. 1.
April 14, 1952.
Rehearing Denied May 12, 1952.
*611 W. A. Brookshire, Columbia, for appellant.
Dearing & Matthes and M. C. Matthes, all of Hillsboro, for respondent.
DALTON, Judge.
This is an action for $8,000 actual and $5,000 punitive damages for malicious prosecution. Verdict and judgment were for defendant and plaintiff has appealed.
On the first trial, plaintiff obtained a judgment for $3,125 but, on appeal, the St. Louis Court of Appeals reversed the judgment and remanded the cause on account of error in the admission of evidence of alleged "special damages" not pleaded. Coleman v. Ziegler, Mo.App., 226 S.W.2d 388.
*612 On remand, plaintiff filed an amended petition wherein he alleged "that on or about the first day of February, 1943, the defendant maliciously contriving and intending to injure him in his good name and reputation appeared before Frank X. Siebert, Justice of the Peace, and then and there maliciously and without probable cause did make an affidavit and lodged a charge before said Justice on February 1, 1943, that, in the said County of Ste. Genevieve, State of Missouri, this plaintiff did unlawfully and wilfully throw down and open a certain fence on the premises of the defendant and leave the said fence open and down, the said fence being the property of the defendant * * * and that the Justice issued a warrant, on which the plaintiff was arrested and brought before said Justice; that the plaintiff was on the seventeenth (17th) day of February, 1943, tried before said Justice; that the defendant testified as a witness against him, but the plaintiff was acquitted by said Justice."
Plaintiff further alleged that he had theretofore on December 15, 1941, entered into a contract with defendant and another for cutting and removal of timber on described lands in Ste. Genevieve County; and that on February 1, 1943, he had cut some 1500 saw logs of the value of $3,000 and had them ready to be manufactured into lumber, "but the defendant maliciously, and in violation of his contractual duties, drove the plaintiff's employees from the job and refused to permit them to proceed with their work; that said employees, because of the threats and demands of the defendant, quit the employment of the plaintiff and did not return until after the plaintiff had been tried and acquitted * * * that because of the delay occasioned by the malicious and illegal driving away of his employees from their jobs, as aforesaid, he was unable to remove the logs and to manufacture them into lumber until after his trial and acquittal, as aforesaid, and that in the meantime, the land upon which the logs and sawmill were located got into such a condition because of a thaw that he could not remove the logs nor manufacture them into lumber, and that immediately thereafter a flood came and washed all of the logs away resulting in a loss to the plaintiff in the sum of three thousand dollars ($3000.00); that this loss was the direct and proximate result of the defendant's malicious acts and malicious, illegal arrest and prosecution * * * that he (plaintiff) was humiliated and disgraced and injured in his good name, fame and reputation, and was compelled to employ an attorney to defend himself against said charge and suffered a loss in the sum of three thousand dollars, ($3000.00), due to the washing away of the logs, as aforesaid * * *."
The answer of defendant was a general denial coupled with allegations to the effect that defendant prior to the institution of the alleged prosecution consulted a reputable attorney who advised defendant to lay all the facts before the Prosecuting Attorney; that defendant fully and fairly laid all the facts before the Prosecuting Attorney; that at the request of the Prosecuting Attorney he appeared and testified as to the facts; and that defendant acted only on probable cause and in good faith and was not guilty of maliciously prosecuting plaintiff as alleged in plaintiff's petition.
Plaintiff's original petition filed on January 31, 1948, did not contain an allegation with reference to the alleged loss of logs or claim damages for their loss. The amended petition was filed on April 14, 1950. It contained the allegation as hereinbefore set out and, as to it, defendant in his answer to the amended petition alleged that said petition by injecting the alleged loss of logs had introduced an entirely new and distinct cause of action from that pleaded in the original petition and, as to such new cause of action, defendant pleaded the five year statute of limitations as a bar to any recovery. Sec. 516.120 RSMo 1949, V.A.M.S. Defendant was subsequently granted permission to amend his answer by alleging that plaintiff's entire cause of action was barred by said five year statute of limitations.
On retrial of the cause, the evidence offered was in substantial conformity to that *613 reviewed at length in the opinion of the St. Louis Court of Appeals, 226 S.W.2d 388, 390, 393. For the purposes of this opinion it is sufficient to refer to that opinion for the facts, except as to specific matters hereinafter referred to. Plaintiff did produce two additional witnesses to corroborate plaintiff's testimony to the effect that defendant had authorized plaintiff to cut the fence and had showed him where to cut it, before the fence was cut. Plaintiff also offered evidence in support of his claim for the loss of logs as alleged in his amended petition.
Plaintiff testified that in the prosecution he was charged with cutting the fence; that he was tried as a criminal; that the fence consisted of three rusty barbed wires, very rusty; that it was very necessary to cut the fence, since he could not get the timber out except in that way; that he did cut the fence; and that in the trial he was represented by Senator Brookshire and Mr. Ziegler was represented by the prosecuting attorney of Ste. Genevieve County and Judge Taylor Smith. Plaintiff further offered the record of the proceedings in his alleged trial and acquittal before Frank X. Siebert, Justice of the Peace at Ste. Genevieve, Missouri, and the same was received in evidence as follows:
 "Parties Nature of Proceedings
Louis J. Ziegler
 Plaintiff Action on Opening
 vs. Fence
Arch Coleman
 Defendant
 Record of Proceedings
Louis J. Ziegler Plaintiff filed by Louis J. Ziegler
"On the 1st day of February, 1942, issued a Writ of warrant against the defendant, returnable on the  day of 19, at 10 o'clock A. M., and delivered the same to Henry J. Drury, Sheriff of _____ Township, in said County and State.
"On the 4th day of February, 1943, the said writ having been returned duly served on Defendant as follows:
"I hereby certify that I have executed the routine writ by reading same to and in hearing distance of Arch Coleman the 4th day of February, 1943 in Ste. Genevieve Township, Ste. Genevieve County, Missouri,' and this cause coming on for trial, come February 4th, 1943, comes Arch Coleman and asks to set date for trial, I here set case for February 17th, 1943. 10 A.M.
"And now February 17th, A. M. 1943 comes the plaintiff and the defendant comes to the court informed it waready to procede. After hearing the testimony on both sides for plaintiff and for the defendant the attorneys argued cause and I find from the testimony that the defendant has not violated his contract and thereby found him not guilty., and fixed judgment in favor of the defendant and have hereoff execution.
F. X. Siebert."
Appellant contends (1) that the court erred in failing and refusing to reprimand and rebuke defendant's attorney William B. Dearing who, during the cross-examination of plaintiff, asked plaintiff this question: "Isn't it the truth Mr. Ziegler has made claim against Brookshire for some hay that Brookshire didn't pay for?"; (2) that the court erred in sustaining the objection of William Dearing "to the argument of Wm. A. Brookshire about paying for the hay"; (3) that reversible error was committed by the trial court in receiving evidence relative to the statute of limitations, particularly concerning the date of the filing of the original petition; (4) that the court erred in refusing to discharge the jury and declare a mistrial when defendant was withdrawn as a witness because he allegedly was too ill to testify; (5) that the court erred in refusing to permit counsel for plaintiff to state to the jury "his opinion about the failure of the defendant to continue on the witness stand" and "to argue to the jury why the defendant allegedly suffered a heart attack while he was on the witness stand"; (6) that the court erred in permitting the testimony of the defendant at the former trial to be read to the jury; (7) that the court erred in giving defendant's instruction No. 7; and (8) that the court erred in receiving the verdict *614 of the jury, since there was "not sufficient legal and competent evidence in the record to support a verdict for defendant" and the verdict rendered "was the result of sympathy and prejudice."
We have carefully examined the record with reference to each of these assignments and the authorities cited in support thereof and find that only one of them has merit, towit, the objection to Instruction No. 7. Defendant's Instruction No. 7, in part, advised the jury that " * * * the plaintiff must therefore prove, to the satisfaction of the jury, that the defendant did prosecute the plaintiff on said charge; that the charge was false; that the defendant was instigated by malice against the plaintiff; that he made the charge without reasonable or probable cause to believe the plaintiff guilty; and unless all this be proved to the satisfaction of the jury they will find for the defendant." (Italics ours.) Appellant says the instruction "was erroneous in that it required the plaintiff not only to prove a lack of probable cause, but also malice and falseness of charge." No objection has been raised on account of the use of the word "satisfaction," or that its use put an undue burden on the plaintiff. See Randolph v. Supreme Liberty Life Ins. Co., 359 Mo. 251, 221 S.W.2d 155; Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467, 472; Pulse v. Jones, Mo.Sup., 218 S.W.2d 553, 557; Seago v. New York Cent. R. Co., 349 Mo. 1249, 164 S.W.2d 336, 147 A.L.R. 372.
In this case the plaintiff did not plead that the charge was false or that it was falsely made, but only that defendant acted "maliciously and without probable cause." Defendant in his answer did not plead, as a defense, the truth of the charge alleged to have been made against the plaintiff. However, the guilt of the plaintiff is an affirmative defense and the burden of proof on such issue, when properly raised, rests upon the defendant. 54 C.J.S., Malicious Prosecution, § 84(4), p. 1056; 34 Am.Jur. 777, Malicious Prosecution, Sec. 125; Am.Law Inst.Restatement, Torts, Vol. 3, Sec. 672(2). The burden did not rest upon the plaintiff in this case to prove that the charge was false and the instruction was clearly erroneous. The instruction was no doubt taken from the case of Hill v. Palm, 38 Mo. 13, 23, but the instruction there set out was given at defendant's request and was in his favor. The correctness of the instruction was not in issue on the appeal, since judgment went against defendant and he appealed. Respondent also cites Sappington v. Watson, 50 Mo. 83, 84, but in that case the defendant was appellant and could not justly complain of any instruction that imposed an undue burden upon the plaintiff. The cases cited do not aid respondent.
The constitutive elements of an action for malicious prosecution are: (1) The commencement or prosecution of the proceedings against the present plaintiff; (2) its legal causation by the present defendant; (3) its termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage to plaintiff by reason thereof. Bonzo v. Kroger Grocery & Baking Co., 344 Mo. 127, 131, 125 S.W.2d 75; Higgins v. Knickmeyer-Fleer Realty & Inv. Co., 335 Mo. 1010, 1025; 74 S.W.2d 805, 812; Kvasnicka v. Montgomery Ward & Co., 350 Mo. 360, 166 S.W.2d 503, 505.
Evidence of guilt or innocence was of course admissible on the issue of probable cause. Carp v. Queen Ins. Co., 203 Mo. 295, 343-345, 101 S.W. 78; Kennedy v. Holladay, 25 Mo.App. 503, 513; 34 Am. Jur. 788, Malicious Prosecution, Sec. 147; 54 C.J.S., Malicious Prosecution, § 89(g), p. 1068.
Instruction 7 was not erroneous in placing the burden of proving the concurrence of malice and want of probable cause upon the plaintiff. Henderson v. Cape Trading Co., 316 Mo. 384, 289 S.W. 332, 334; Knost v. Terminal R. Ass'n of St. Louis, Mo.App., 222 S.W.2d 593, 595; La Font v. Richardson, Mo.App., 119 S.W.2d 25; 54 C.J.S., Malicious Prosecution § 84, p. 1058. In this case there was conflicing evidence on both of these issues, and the burden of proof remained upon the plaintiff. DeWitt v. Syfon, 202 Mo.App. 469, 211 S.W. 716, 718.
*615 We shall subsequently determine whether or not the giving of Instruction 7 (although erroneous) constituted prejudicial error and materially affected the merits of the action since, if plaintiff failed to make out a submissible case on the cause of action alleged in his amended petition, he could not have been prejudiced by the error complained of. Cottonwood Fibre Co. v. Thompson, 359 Mo. 1062, 225 S.W.2d 702, 708(7); Hoock v. S. S. Kresge Co., Mo. Sup., 230 S.W.2d 758, 761(6); O'Dell v. Dean, 356 Mo. 861, 204 S.W.2d 248, 249.
Appellant next contends that "the amendment of the original petition to include special damages for the loss of the saw logs did not create a new cause of action, but only included `special damages' which were a part of the original cause of action which had been asserted within the statutory period." As stated, the amended petition alleged that defendant's affidavit was filed February 1, 1943; and that plaintiff was tried and acquitted on February 17, 1943. The date of the loss of the logs is not specifically alleged in the amended petition, but the evidence shows that it occurred in the spring (March and May) of 1943. The original petition filed on January 31, 1948 did not mention the logs, or attempt to state a cause of action for damages for their loss. The amended petition filed April 14, 1950, first contained the allegation heretofore set out.
Was recovery of damages for the loss of the logs barred by the five year statute of limitations? Sec. 516.120 RSMo 1949, V.A.M.S. Respondent insists that the claim for damages for the loss of logs, as alleged in the amended petition, "brought into the case an alleged cause of action entirely new and distinct from that pleaded in the original petition"; and that recovery for such loss is barred by the statute of limitations.
On the prior appeal the St. Louis Court of Appeals, 226 S.W.2d 388, 393 held: "The item of $3,000, representing the value of the logs, was clearly `special damages' which should have been `specifically stated' in the petition, as required by Section 52 of the New Civil Code, Laws Mo. 1943, page 372, Mo.R.S.A. § 847.52 [Section 509.200 RSMo 1949, V.A.M.S.] which provides as follows: `When items of special damage are claimed, they shall be specifically stated.'
The loss of the logs was not the `ordinary,' `natural,' and `probable' consequence of the arrest and prosecution of plaintiff by defendant even though it may have been the direct result thereof in this particular case. Hence, such loss should have been pleaded as special damages in plaintiff's petition in order to make evidence of such loss admissible in the trial. * * * We do not say that plaintiff would not be entitled to have the jury consider as damages the value of the logs which he claimed were lost, but we do say he should not have been permitted to introduce evidence of such loss and recover therefor without alleging in his petition such loss as special damages."
The amended petition as drawn and filed contained a new and different cause of action. It alleged new facts and purported to state a new ground for defendant's liability to plaintiff for the loss of the logs the ground of liability for the loss of the logs was different from the ground of liability for the damages asserted in the original petition, and such new ground of liability and the damage claimed required totally different proof to support it from that required to support the original claim made against the defendant. The claim for the logs, as pleaded in the amended petition and supported by the evidence at the trial, was barred by the five year statute of limitations. Arpe v. Mesker Bros. Iron Co., 323 Mo. 640, 641, 19 S.W.2d 668; Mitchell v. Health Culture Co., 349 Mo. 475, 162 S. W.2d 233, 236; Baker v. Missouri Pac. R. Co., 34 Mo.App. 98, 113. It is well settled that an amendment which introduces a cause of action barred by limitation is ineffectual to avoid the statutory bar. Russell v. Nelson, 317 Mo. 148, 295 S.W. 118, 122.
On the prior appeal of the cause the St. Louis Court of Appeals, 226 S.W.2d 388, 391, stated that three of the necessary elements for a plaintiff to show in a malicious case were conceded, towit: (1) the *616 commencement or prosecution of the proceeding against plaintiff; (2) its legal causation by the present defendant; and (3) its termination in favor of the present plaintiff; and that plaintiff's evidence was sufficient on the three remaining necessary elements, towit, absence of probable cause, malice and damage to plaintiff, to make out a submissible case. The court said: "Under the evidence and the law we hold that the court did not err in overruling defendant's motion for a directed verdict in his favor."
Ordinarily, matters decided on one appeal, where the issues and evidence are the same, will be considered settled law on a second appeal in the case, except where a mistake of fact has been made, or where the previous rulings were palpably wrong on the facts, or the evidence offered at the two trials is substantially different. Norris v. Bristow, Mo.Sup., 236 S.W.2d 316, 319; Maxie v. Gulf, M. & O. R. Co., 358 Mo. 1100, 219 S.W.2d 322, 323; Walsh v. Terminal R. Ass'n of St. Louis, 355 Mo. 377, 196 S.W.2d 192, 194. For the reasons hereinafter stated, the prior opinion should not now be held to be "the law of the case."
On remand of this cause, new pleadings were filed and the cause retried. Defendant's answer put in issue the essential allegations of the amended petition. On trial, on November 30, 1950, in answer to certain leading questions plaintiff testified that he was arrested on the second or third of February, 1943; that he stood trial and he and defendant Ziegler testified; that he was represented by Senator Brookshire and defendant was represented by the prosecuting attorney and Judge Taylor Smith; and that the verdict of the court was "not guilty." He further answered various questions by his counsel referring to the "arrest", "prosecution", and "acquittal." On defendant's behalf, the then prosecuting attorney testified that he got all of the facts, as much as he could get from Mr. Ziegler and then read "the fence cutting section" and told Ziegler that in his opinion, "he had a case under that section"; that "if this fence was cut without his permission and without his knowledge that constituted a crime"; and that, upon the advice he gave, Mr. Ziegler filed this complaint.
Defendant's evidence concedes that there was a trial before the Justice of the Peace without a jury, but it does not appear from the record that defendant or his witnesses conceded or testified that plaintiff was arrested; that a criminal case was tried; or that any one was acquitted. Defendant, however, did testify:
"Q. Did you tell him (the prosecuting attorney), at that time, all of the facts you knew or could reasonably ascertain? A. I did.
"Q. Was an affidavit for a warrant prepared at that time? A. It was.
"Q. Who prepared that? A. The prosecuting attorney.
"Q. Did you sign it? A. I did.
"Q. Why did you sign it? A. Mr. Moeller, the prosecuting attorney, told me to sign it."
It will be noted the petition did not directly charge that any criminal prosecution was ever instituted or any information was ever filed. No affidavit for a warrant, no information charging a crime and no warrant was in evidence at the trial. The filing of an information or indictment was a prior requisite to the trial of a criminal charge on its merits and no information was in evidence or was shown to have been filed. Although the then prosecuting attorney appeared as a witness, he did not say that any criminal charge was ever instituted.
The record of the Justice of the Peace, as offered in evidence by the plaintiff clearly purports to show a civil action and not a criminal action. On its face it recites: "Louis J. Ziegler plaintiff filed by Louis J. Ziegler." The return of the sheriff does not purport to show that the defendant therein was ever arrested, incarcerated or released on bond. The State of Missouri was not a party to said action. The parties were shown to be Louis J. Ziegler, plaintiff and Arch Coleman, defendant. The parties, further, were represented by attorneys, testimony was heard on both sides and the cause argued. The court found that defendant *617 had not "violated his contract," that defendant was not guilty and entered judgment for defendant.
Appellant has not called our attention to any section of our statutes purporting to make it a criminal offense to throw down and open a fence on the premises of another and leave the fence open and down, as alleged in plaintiff's petition. Section 537.350 RSMo 1949, V.A.M.S., provides for the recovery of a $5 penalty and double damages in such cases in a civil action, and Section 537.370 RSMo 1949, V.A.M.S., provides for the recovery of the penalty by the state and for the payment of such penalties into the county treasury. The record of the Justice of the Peace indicates a civil proceeding under what is now Section 537.350.
While the record contains much oral testimony concerning certain advice that such fence cutting and leaving the fence open and down was a crime, and while there is much oral evidence that a complaint was filed and plaintiff was arrested, tried and acquitted, yet plaintiff himself has offered in evidence a copy of the court records concerning the very case upon which he bases his charge of malicious prosecution of a criminal case against him. The records of the court wholly disprove much of the oral testimony and conclusions of the witnesses, particularly of plaintiff, as given some seven years after the events transpired.
We must hold that the plaintiff was conclusively bound by the court record which he produced and offered in evidence; that no arrest for and no acquittal of a criminal charge was shown, but in fact disproved by the record; that plaintiff failed to make out a submissible case on the causes of action pleaded; that the trial court should have sustained, instead of denying, the request for a directed verdict shown to have been filed at the close of the whole case; and that plaintiff, appellant here, was not prejudiced and could not have been prejudiced by the error in Instruction 7 since he wholly failed to make out a case for the jury.
Having ruled the issues of the appeal on its merits, it will not be necessary to consider respondent's motion to dismiss the appeal as an alleged attempt to appeal from an order of the court overruling a motion for a new trial, and for alleged violation of Supreme Court Rules 1.08 and 1.09.
The judgment is affirmed.
All concur.