Arch LOGSDON, Plaintiff-Appellant,

v.

Leonard W. DUNCAN, Defendant-Appellant.

No. 46281.

Supreme Court of Missouri,

Division No. 2.

Sept. 8, 1958.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 13, 1958.

John E. Honsinger, Kansas City, for appellant.

Richard H. Beeson, David P. Dabbs, Dean F. Arnold, Kansas City, for appellant.

BARRETT, Commissioner.

The plaintiff, Arch Logsdon, the defendant, Leonard W. Duncan, and William Gover and Guthrie Rogers were employed by the Kansas City Board of Education. Rogers was a bricklayer, Logsdon was his helper, and Duncan and Gover were common laborers. They were engaged in remodeling and repairing the caretaker's old two-story brick and stone residence at Yates School. Among other tasks they removed an oval-shaped window from the front gable and replaced it with stucco and for that purpose had a scaffold across the front of

the house about even with the guttering. On October 17, 1950, Duncan and Gover were engaged in removing stone and bricks from the gable. Rogers was laying bricks around a first-floor window near an angle in the house, just below an old chimney. Logsdon was cleaning old bricks and carrying them to Rogers. A child's ball and possibly some sticks and pieces of bricks were lodged behind the chimney. As Logsdon walked towards the first-floor window with an armload of bricks Duncan, with one foot on the scaffold and one leg on the edge of the roof, punched or otherwise dislodged the ball and other debris from behind the chimney and half a brick hit Logsdon on the head.

Upon this the second trial of Logsdon's action against Duncan to recover damages for his resulting, negligently inflicted, personal injuries a jury awarded Logsdon $17,500. The defendant Duncan filed an alternative motion for judgment or for a new trial on the issue of liability only. The plaintiff Logsdon filed a motion for a new trial on the issue of damages only. The trial court sustained the defendant Duncan's motion for a new trial "for the reason the Court erred in giving plaintiff's instruction No. One." Subsequently, upon plaintiff Logsdon's "Motion For Rehearing Of Plaintiff's And Defendant's Motions For New Trial," the trial court reconsidered the matter, set aside its prior orders, and sustained plaintiff Logsdon's motion for a new trial on the issue of damages only for the stated reasons that the jury's verdict "on the issue of damages was contrary to the direction of the Court" and "was reached as a result of mistake by the jury and an improper verdict on said issue rendered thereby," the court specifically overruled all other grounds set forth in plaintiff's motion. The court then sustained defendant Duncan's motion for new trial on the issue of liability for "the sole reason that the Court erred in giving plaintiff's instruction numbered one (1) when there was no evidence in the record that defendant 'threw' the brickbat in question," and the court spe-

cifically overruled all other grounds set forth in Duncan's motion for new trial and denied his motions for a directed verdict. Both the plaintiff Logsdon and the defendant Duncan have perfected appeals to this court.

■ At the outset we are confronted with Duncan's motion to dismiss Logsdon's appeal for the stated reason that his notice of appeal "does not designate the judgment or order of the Court from which he seeks to appeal, as required by Section 512.070 (1), R.S.Mo., 1949 [V.A.M.S.]." It is said that the "purported notice" does not comply with the express requirements of the statute in that it "designates no order of any specified date," the nature of the order on the issue of liability is not specified, "no date is given to delineate the order" and the notice is so vague and ambiguous as not to meet the statutory requirements. In support of his motion Duncan has cited the instances in which there was no final, appealable judgment or in which there was an appeal from an order overruling a motion for a new trial. Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 74 S.W.2d 598; State ex rel. Kansas City Stock Yards Co. v. Trimble, 333 Mo. 51, 62 S.W.2d 473. Logsdon's notice of appeal is as follows:

> "Notice is hereby given that Arch Logsdon, plaintiff in the above entitled cause, hereby appeals to the Supreme Court of Missouri from the order entered herein *on April 22, 1957, sustaining defendant's motion for new trial* on the issue of liability."

We have quoted the original notice for the reason that Duncan has evidently copied the notice as it appears in the reporter's transcript and that copy of the notice omits the italicized language which obviously supplies the date and designates the only order from which Logsdon could appeal, an order sustaining defendant's motion for new trial on the issue of liability. V.A.M.S., Sec. 512.-020; Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657; Terrell v. Missouri-Kansas-Texas R. Co., Mo., 303 S.W.2d 641.

For the reasons indicated Duncan's motion to dismiss Logsdon's appeal is overruled.

Upon oral argument Logsdon's counsel voluntarily waived his right to a new trial on the issue of damages only. Nevertheless, upon Duncan's appeal from the order granting Logsdon a new trial on the issue of damages only, it is again urged that his motions for directed verdict should have been sustained for the reason that there is no evidence that he was negligent because "when he dislodged the brickbats" he could reasonably assume that Logsdon had received the warning and was in a place of safety. It is again argued that he could not be charged with constructive knowledge that Logsdon would walk into the danger area east of the chimney concurrently with the fall of the brickbats. It is said that there is no evidence that any submitted act or omission of Duncan's was the proximate cause of Logsdon's injuries because at the time he, Duncan, could have looked he would have seen Logsdon in a place of safety. And, it is again contended that Logsdon was guilty of contributory negligence as a matter of law. All these and some of Duncan's other contentions are based upon the assumption that the parties are not bound upon this appeal by our previous decision of the same questions on the former appeal, Logsdon v. Duncan, Mo., 293 S.W.2d 944.

■ While the parties in briefing this question have not carefully noted and adhered to the differences in "res judicata" and the "law of the case" (30A Am.Jur., Sec. 331, p. 378; Creason v. Harding, 344 Mo. 452, 126 S.W.2d 1179; Taylor v. Sartorious, 130 Mo.App. 23, 108 S.W. 1089), Duncan insists that the submissibility of Logsdon's case be re-examined. We have again carefully examined the record and briefs on the former appeal and have compared them with this record, and with but minor exceptions the records are substantially identical. There was but little difference in the evidence in the two trials, the briefs and cases cited in the two appeals are almost identical. It has not been demonstrated that there was any mistake or manifest injustice in our former opinion and, the records and issues being substantially identical, the former opinion in so far as it dealt with the primary questions of negligence, proximate cause and contributory negligence is the law of this case and these issues are not open questions upon this appeal. 3 Am.Jur., Secs. 985–994, 1000, pp. 541–549, 553; Mahany v. Kansas City Rys. Co., Mo., 254 S.W. 16, 29 A.L.R. 817; Maxie v. Gulf, Mobile & O. R. Co., 358 Mo. 1100, 219 S.W.2d 322, 10 A.L.R. 2d 1273.

■ As indicated, the court first sustained Duncan's motion for a new trial for the reason that the court had "erred in giving plaintiff's instruction No. One," subsequently the court sustained the motion for "the sole reason that the Court erred in giving plaintiff's instruction numbered one (1) when there was no evidence in the record that defendant 'threw' the brickbat in question." The instruction hypothesized Logsdon's location and his exercise of ordinary care for his own safety and then it said, "if you further find and believe from the evidence that defendant threw or dislodged a brick from the roof of said house in such a manner and at such a time that defendant knew or by the exercise of ordinary care could have known that said brick was apt to and might strike the plaintiff, and if you further find that defendant did not give such a reasonable, timely and adequate warning to plaintiff before throwing or dislodging said brick as a person in the exercise of ordinary care would have given, and if you further find and believe that said brick did strike the plaintiff, then you may find that defendant was negligent, * * *." The appellant Duncan in support of the court's order granting him a new trial now urges that the instruction was erroneous in that (1) the record disproves plaintiff's claim that the physical facts negative defendant's dislodging the brickbat with a board, and (2) there is no evidence that defendant "threw" the brickbat which struck plain-

tiff. It is said that the submission of Duncan's having thrown the brickbat was erroneous because (1) a brickbat thrown under the circumstances shown in evidence would create a larger danger zone than a brickbat which was merely dislodged, and (2) the submission that defendant threw the brickbat, without any basis other than conjecture, invited the jury to speculate on other issues in the case.

Upon this trial Duncan was not as frank as he was upon the first trial in which he tacitly admitted that he dislodged the brick from behind the chimney and that the brick he dislodged struck Logsdon on the head. Upon this trial he said, "I don't know where it come from for sure." However, the evidence indisputably shows that in addition to the soft ball one or more pieces of brick were lodged behind the chimney. Gover, Logsdon and Duncan had seen them there the day before and upon this trial Duncan says that behind the chimney was "some brick and a ball and I believe a couple or three, looked like two or three sticks" and, he says, "Well, *I decided to knock that junk off of there.*" He then says that he yelled down to Gover and told him, "If anyone is in that area, clear out, that *I am going to knock down some brickbats and a ball.*" He did not himself look over the edge of the scaffold to see whether anyone was beneath the chimney but he says that Gover yelled back and said, "Okay, all is clear." He now says that he held to the eave with his left hand, placed his leg upon the eave facing north and with a ceiling board in his right hand, with one jab, "pushed these three or four pieces of brick and the ball off from behind the chimney." Upon the former trial there was doubt that there was a board more than four, five or six feet in length on the scaffold and that he could have reached the distance of nine feet with such a board. This time he definitely says that the board he used was six or seven feet long. Gover, in describing the incident, said that after warning that Duncan was "going to knock some brick and a ball down," he watched Duncan "take the stick and push the ball down. After the ball hit the ground, Arch (Logsdon) stepped around the corner. He did not step out until after the ball struck the ground. At that moment a piece of brick, about a third of a brick, came down and struck Arch on the head."

It is not necessary to say whether these circumstances are sufficient to support the inference and finding that Duncan, in dislodging the ball, threw the brick which struck Logsdon. As indicated upon the former opinion, 293 S.W.2d, loc. cit. 949-950, the basis of Duncan's liability to Logsdon was his failure to exercise ordinary care with respect to a fellow employee, consisting here in his dislodging, without a timely, adequate warning, a brick from behind the chimney of a two-story house so that it fell and struck Logsdon's head. The negligent act was the dislodging, without timely warning, of the brick; it was immaterial whether the brick was punched from behind the chimney or whether it was thrown. The only possible, reasonable inference from the record is that Duncan did dislodge the brick and, of course, it did hit Logsdon's head. The only important factual issue about which there was or could have been any dispute was the timeliness and adequacy of the warning and Duncan does not question the sufficiency of the evidence to support the jury's finding in that respect. There were no delimiting or withdrawal instructions (Crossno v. Terminal Railroad Ass'n, 328 Mo. 826, 41 S.W. 2d 796), and it is not demonstrable upon this record that the jury was confused or misled by the instruction's inclusion of "threw" in connection with Duncan's dislodging the brick. Compare: Jones v. Rash, Mo., 306 S.W.2d 488, and Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756. As indicated, whether Duncan threw or punched the brick from behind the chimney was not the essence of his negligence—the essence of his conduct was dislodging the brick without warning—it was immaterial how or why he did it and in the circumstances was not such manifest error

as to compel the granting of a new trial. Banks v. Koogler, Mo., 291 S.W.2d 883; Lang v. St. Louis-San Francisco Ry. Co., 364 Mo. 1147, 273 S.W.2d 270, 276–277. The instruction is in nowise comparable to the cryptic submission of negligence in the complex factual situation in Ferdente v. St. Louis Public Service Co., Mo., 247 S.W.2d 773.

■ Duncan says in any event that Logsdon was not "prejudiced" by the trial court's granting a new trial on the issue of liability only because instruction four was also erroneous and would have justified the granting of a new trial. It is said that this instruction erroneously permitted the jury to find that Duncan and Gover were jointly negligent when both parties were bound by our previous adjudication that Gover was not negligent. It is said that the instruction failed to hypothesize any facts of Gover's negligence and gave the jury "a roving commission to determine such issue," permitted the jury to speculate on how Duncan and Gover together were negligent and invited the jury to speculate on how both of them could have averted Logsdon's injury. In the first place, instruction four is an abstract instruction to the effect that if the jury found "from the evidence and the other instructions submitted" that the defendant was negligent and that such negligence combined with the negligence of any other person and contributed to cause plaintiff's injury the jury should find the issues in favor of the plaintiff. It is possible that this instruction is subject to the construction that it refers to Gover—but it does not in point of fact mention Gover or anyone else and it does not specifically refer to any particular fact or circumstance; as we have said, it is an abstract statement or declaration and it is not claimed that the statement itself is erroneous. We do not know just what "a roving commission" is (Hustad v. Cooney, Mo., 308 S.W.2d 647, 650) and it may well be that the instruction had no place in the case but it does not follow necessarily that the instruction was manifestly improper or misleading in a matter "materially affecting the merits of the action" (V.A. M.S., Sec. 512.160), certainly not by reason of the particular arguments advanced here. Considering the particular argument concerning Gover, the instruction is certainly not comparable to the one in Jones v. Rash, supra, which in plain language named the parties and employed this terminology: " * * * although you may find from the evidence that the defendant, Robert Rash, was guilty of negligence as charged in the plaintiff's petition, yet if you further find and believe from the evidence that the plaintiff, Asa Monroe Jones, was also guilty of negligence and that such negligence concurred with the negligence of the defendant in causing the collision, that is, that both the plaintiff and the defendant were guilty of negligence, and that such *joint negligence* caused the collision, then your verdict must be for the defendant." The trial court did not grant a new trial because of this instruction and it is not demonstrably or manifestly erroneous in the particulars complained of so as to demand the granting of a new trial by this court.

The appellant Logsdon has waived his right to a new trial on the issue of damages only, the appellant Duncan is not entitled to a new trial on the issue of liability only and the judgment is reversed and remanded with directions to reinstate the jury's verdict and accordingly enter judgment in favor of Logsdon.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.