**Hazel DIAL, Respondent,**

v.

**SEVEN–UP BOTTLING COMPANY, a Corporation, Appellant.**

**No. 49982.**

Supreme Court of Missouri,

Division No. 1.

Dec. 9, 1963.

Lane D. Bauer, Donald K. Hoel, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, for appellant.

Lyman Field, Rogers, Field & Gentry, Kansas City, for respondent.

HYDE, Judge.

Action for $75,000.00 damages for personal injuries sustained in an intersection collision between plaintiff's car and defendant's truck. The jury found for defendant but the trial court sustained plaintiff's motion for new trial and defendant has appealed.

Plaintiff submitted on primary negligence (Instruction 3) of defendant's truck entering the intersection against a red traffic control light. Defendant submitted the converse (Instruction 7) that plaintiff entered the intersection when the light was not green in her favor. Defendant also submitted contributory negligence on Instruction 8 as follows:

"The Court instructs the jury that even if you find and believe from the evidence that on the occasion mentioned in evidence plaintiff drove and operated the Buick automobile into the intersection when the traffic light controlling westbound traffic on 19th Street was green, if you also find and believe that immediately prior to or at the time plaintiff entered said intersection plaintiff, by keeping a careful and vigilant lookout, under the circumstances described in evidence, could have seen defendant's truck traveling southward on Charlotte toward the intersection of 19th and Charlotte and should have known that there was probable danger of a collision between the two vehicles, if so, and if you further find that at the time plaintiff entered said intersection she failed to keep a careful and vigilant lookout, if so, and if you further find that plaintiff thereafter drove and operated her automobile westwardly on 19th Street into the path and in front of defendant's truck, if so, and if you further find that in failing to keep a careful and vigilant lookout, if so, plaintiff did not exercise the highest degree of care for her own safety and was negligent, if so, and that such negligence, if any, on her part, directly contributed to cause or bring about the collision mentioned in evidence, if you so find, then you are instructed that plaintiff is not entitled to recover in this case and you must return a verdict in favor of defendant, and this is true regardless of whether or not the defendant was also negligent."

The court's order granting a new trial was: "Now on this day plaintiff's Motion for New Trial upon the Ground numbered 4 of said motion, and particularly subparagraph (e) of said Ground 4 (Jolley, pro ami, v. Lowe, [Mo.] 362 S.W.2d 741, 1. c. 743) is by the Court sustained."

The subparagraph of the motion for new trial referred to was as follows: "(e) Nowhere in said instruction is submitted the essential issue of plaintiff's ability to avoid the collision after such time as the jury might have found that in the exercise of the highest degree of care, she should have known of the probable danger of collision."

Jolley v. Lowe, cited as authority for the order, was a case submitted on humanitarian negligence and we said of the instruction therein (362 S.W.2d 1. c. 743): "In order to be complete and under-

standable there should have been inserted after the word 'automobile' the phrase 'and thereby have avoided colliding with plaintiff,' or some similar expression." This would have made that part of the instruction submit that after the plaintiff had entered the zone of peril "the defendant was unable, in time thereafter, to sound a warning or stop his automobile and thereby have avoided colliding with plaintiff." However, even with this addition the instruction in the Jolley case still had the defect of submitting what the defendant as an individual was able to do, rather than the objective standard the law required. In this case, only primary negligence was being submitted. To make a humanitarian negligence case, in such a situation, it is essential that, after the plaintiff has come into a position of imminent peril, the defendant then has the ability to take action that will prevent a collision. In a primary negligence case, duty to act commences earlier. Therefore, we have uniformly held that to submit on failure to keep a lookout, in addition to stating the degree of care required, it is "sufficient to authorize a verdict if a jury finds that a party was negligent in failing to keep a proper lookout and that such negligence resulted in a collision or damage." Nelson v. Evans, 338 Mo. 991, 93 S.W.2d 691, 693; see also Boehm v. St. Louis Public Service Co., Mo.Sup., 368 S.W.2d 361, 367; Whaley v. Zervas, Mo.Sup., 367 S.W.2d 611, 614; Lincoln v. Railway Express Agency, Inc., Mo.Sup., 359 S.W.2d 759, 768; Goldstein v. Fendelman, Mo.Sup., 336 S.W.2d 661; Moore v. Ready Mixed Concrete Co., Mo. Sup., 329 S.W.2d 14, 25; Patton v. Hanson, Mo.Sup., 286 S.W.2d 829, 830; Horrell v. St. Louis Public Service Co., Mo.Sup., 277 S.W.2d 612, 615; Fortner v. St. Louis Public Service Co., Mo.Sup., 244 S.W.2d 10, 14. We consider this instruction to meet the requirements of these cases.

▬ However, plaintiff says the instructions in these cases were simple highway or uncontrolled intersection collision cases and should not apply "where one motorist at a controlled intersection runs a stop sign or a red light, and the other party enters the intersection on a through street or favored with a green light." Plaintiff cites Witt v. Peterson, Mo.Sup., 310 S.W.2d 857, in which as here the jury found for defendant in a controlled intersection collision case, contributory negligence of plaintiff having been submitted on failure to keep a proper lookout although when the plaintiff drove into the intersection "the traffic light was green in his favor." As plaintiff says the instruction in that case, submitting contributory negligence of plaintiff, did require the finding that by proper lookout plaintiff could have seen defendant's automobile "prior to or after entering said intersection" and "that plaintiff thereafter could have stopped his automobile and thus and thereby have avoided the collision." However, we did not rule therein that this requirement was an essential element of such a lookout instruction, the plaintiff's contention being that "the instruction gave the jury a roving commission to find facts which established no duty to act." That case again ruled (310 S.W.2d 1. c. 860) : "The motorist is not entitled to rely solely on the favorable signal; nor is he entitled to drive blindly into the intersection without looking. The duty of care to be exercised remains commensurate with the circumstances, one of which, of course, is the green light in his favor." While it would be proper for the plaintiff to include "ability to avoid" or for the court to give an instruction, at the defendant's request, stating such a requirement, our conclusion is that it is not an essential requirement of a lookout instruction even where the plaintiff entered an intersection on a green light. As we see it, the principal difference between such a case and an uncontrolled intersection case is that the duty to keep a lookout for other cars usually would commence earlier in the latter situation. Therefore, we hold on the authority of our hereinabove cited cases that in the situation herein, as in the other lookout submissions considered, it is sufficient to hypothesize that there was a failure to keep a lookout required by the exercise of the highest degree of care, that such failure was

negligence and that such negligence directly caused or directly contributed to cause the collision.

Plaintiff also contends the court's order should be construed to mean that a new trial was granted for every reason stated in each of the subparagraphs of Ground 4, whether specified or not by the court in its order. It is our view that the only reasonable construction of the court's order is that it granted the new trial only on Ground 4(e). Especially should this be true under our present Rules 70.02 and 79.03, V.A.M.R. which require specific objections to instructions in the motion for new trial if not made at the trial. See also Rules 78.01 and 83.06(b). Therefore, it was not defendant's burden to brief all the reasons stated in each of the other subparagraphs of Ground 4, which the court did not state as grounds for its order. Plaintiff cites Caldwell v. St. Louis Public Service Co., Mo. Sup., 275 S.W.2d 288; Stone v. Engler, Mo. Sup., 349 S.W.2d 38; and Donaldson v. Rather, Mo.App., 288 S.W.2d 682, but these were not cases in which, as here, the court granted a new trial for a definite specified defect in an instruction. The Caldwell and Donaldson cases were decided before the adoption of Rules 70.02 and 79.03, and in the Stone case the court did specify as a ground for its action that the instruction considered was confusing and misleading. Of course, plaintiff could urge any of the other reasons stated in subparagraphs not mentioned by the court to show that the court's action in granting the new trial was proper. Cantwell v. Zook, Mo.Sup., 250 S.W.2d 980, 981; White v. St. Louis Public Service Co., 364 Mo. 111, 259 S.W.2d 795, 798; Overton v. Tesson, Mo.Sup., 355 S.W.2d 909, 913. However, plaintiff has briefed only one subparagraph, other than 4(e), being 4(a) hereinafter discussed. Nevertheless, if the evidence was insufficient to submit this issue of contributory negligence of plaintiff we properly could consider this ground stated by plaintiff in subparagraph (b) of plaintiff's motion because if that were true it undoubtedly would have been reversible error to give the instruction. Zalle v. Underwood, Mo.Sup., 372 S.W.2d 98. Plaintiff did not have any point in its points and authorities as to 4(b) but in its argument under 4(e) made the following statement: "No stopping distance ability was proved at all in our case on either vehicle—let alone the plaintiff's motor car. * * * In short, *almost as a matter of law,* defendant's instruction failed because the burden of contributory negligence was an affirmative defense on the defendant, and the defendant did not come forward with any evidence at all upon which it could have been inferred by the jury that plaintiff at the time she entered the intersection could thereafter have avoided the accident." (Emphasis ours.) Although this statement is somewhat equivocal as to this issue, we have examined the evidence and decided it was sufficient to support the instruction for the reasons hereinafter stated.

In determining whether Instruction 8 was supported by evidence, we must consider the evidence in the light most favorable to defendant. Highfill v. Brown, Mo. Sup., 340 S.W.2d 656, 661, and cases cited. Defendant's truck was going south on Charlotte, a one-way street for southbound traffic with two driving lanes and two parking lanes. According to defendant's driver, plaintiff's car, going west on 19th Street, was about 5 feet east of the intersection when his truck was 25 feet north on Charlotte. Plaintiff said the speed of her car was never more than 5 miles per hour and the speed of defendant's truck was estimated at 10 to 15 miles per hour. Defendant's driver said he had slowed from 20 miles per hour approaching the intersection and seeing a large tractor and trailer going through at 5 to 10 miles per hour; but took his foot off his brake when the tractor-trailer cleared the east side of Charlotte. (He claimed he had a green light at that time.) As he attempted to go through he saw plaintiff's car following the tractor-trailer and stopped his truck 5 or 6 feet north of the center of the intersection after coming in contact with plaintiff's car when it was 5 or 6 feet

east of the center of the intersection. He said there was no damage to his truck as only the left corner of his bumper struck the right fender of plaintiff's car. Later both vehicles were driven away, plaintiff going on to her place of work and defendant's driver on his work as a salesman.

■ From the testimony of defendant's driver and plaintiff's admissions, the jury reasonably could have found that plaintiff, although seeing defendant's truck coming south within 25 feet of the intersection, followed the tractor-trailer into the intersection without ever looking again toward defendant's approaching truck. (Defendant's driver said plaintiff "told me she was following the truck.") Our view is, under these circumstances, the jury reasonably could have found contributory negligence of plaintiff as submitted in Instruction 8. It is true that there was evidence of at least "a skim of snow" on the streets and ice in places and as plaintiff points out no evidence of stopping distances of either vehicle; but there was no evidence of either (or any other car) sliding or skidding. Furthermore, all the evidence is that plaintiff's car was not going more than five miles per hour and "[j]udicial notice has been taken that a heavily loaded truck traveling two to five miles an hour may be stopped 'almost instantly,' 'within a very few feet.' Dowler v. Kurn, Mo.App., 119 S.W.2d 852, 854, 857[5]." Johnson v. Kansas City Public Service Co., 358 Mo. 253, 214 S.W.2d 5. See also Wegener v. St. Louis County Transit Company, Mo.Sup., 357 S.W.2d 943, 947, and cases cited. Therefore, we hold there was substantial evidence to support the submission of contributory negligence made by Instruction 8.

▆▆▆ As stated, plaintiff further contends that we should affirm the court's order because subparagraph (a) of Ground 4 of her motion states Instruction 8 "was confusing, argumentative and misleading"; and says the court properly could have granted the new trial on that ground because the instruction placed "the absolute duty of seeing and knowing there was a probable danger of collision when plaintiff was only required to exercise the highest degree of care in the circumstances." The clause of the instruction which plaintiff claims imposes an absolute duty is "should have known that there was probable danger of a collision between the two vehicles." Plaintiff says this clause is so far separated from any reference to exercise of any care as at least to be confusing and misleading. There are several reasons why this contention cannot be sustained. In the first place, plaintiff stated no such ground, of placing an absolute duty on plaintiff, in her motion for new trial as required by Rules 70.02 and 79.03, and so did not preserve this point for appellate review. Furthermore, while plaintiff considers this contention could be considered under the claim of a confusing and misleading instruction, that would be a discretionary ground and the court did not state any discretionary ground in its order granting a new trial. Rule 83.06(c) provides: "If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on any discretionary grounds." In any event, we find no merit in the claim that the clause criticised by plaintiff imposed an absolute duty when the instruction is read and considered as a whole. (In this connection, we note that "highest degree of care" was defined by Instruction 5.)

The order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and judgment for defendant.

All concur.