**MIDWESTERN MACHINERY COMPANY,
of Minneapolis, Minnesota, Plain-
tiff-Respondent,**

v.

**G. H. PARSONS, Defendant-Appellant.**

No. 8601.

Springfield Court of Appeals.

Missouri.

May 12, 1967.

James A. Dunn, Carthage, for defendant-appellant.

W. H. Pinnell, Pinnell & Monroe, Monett, for plaintiff-respondent.

HOGAN, Judge.

This is a second appeal in a court-tried replevin case. See Midwestern Machinery Co. v. Parsons, Mo.App., 385 S.W.2d 224. Broadly stated, the case involves an attempt by the plaintiff, as vendor, to substitute or exchange a chattel which its vendee had mortgaged to the defendant, and the parties' rights arising out of the transaction. The essence of the plaintiff's claim is that it is entitled to possession of the chattel, as against defendant's assertion that the plaintiff is equitably estopped to assert its title. Briefly, the controversy came about in this manner: In February 1962, the defendant undertook to finance one Harrel Owens in the establishment of a machine shop. Mr. Owens purchased a vertical turret lathe from the plaintiff, and executed a chattel mortgage to the defendant covering the lathe.

Subsequently, the plaintiff discovered that it had sold the lathe without complying with applicable government regulations—apparently the plaintiff had had no right to sell the machine in the first place—and it became necessary for the plaintiff to get the lathe back. Consequently, the plaintiff arranged to repurchase the lathe from Mr. Owens and to loan him another for use in his business, while it attempted to locate yet another lathe larger and more suitable for his use. Mr. Parsons denied that he was told of the agreement to repurchase the machine and loan another; he testified he agreed only to return the first lathe upon condition the "machine [would be] replaced with another machine that is satisfactory * * * that we can put on the mortgage in place of the ones on there * * *." The record does not, however, indicate that this condition was communicated to the plaintiff before the exchange of machines was undertaken.

Midwestern did repurchase the lathe, giving in payment therefor a check in the sum

of $2,000.00 made payable solely to Mr. Owens. Mr. Owens deposited the money to his business account, giving no notice to his mortgagee. Plaintiff then loaned Mr. Owens a second lathe, not as large as Mr. Owens wanted, with the understanding Mr. Owens could use the machine while plaintiff located another. The plaintiff's evidence was that Mr. Owens refused to purchase the second lathe, though its officers told him it was "a consigned machine," and sent a conditional sales contract covering the second machine for Mr. Owens' signature. Mr. Owens recalled plaintiff's having sent a "sales contract" on the second machine, but said he had "never thought about" buying it.

In August 1962, Mr. Owens' financial difficulties made it necessary for him to renegotiate his obligation to Mr. Parsons so he "might survive and * * * could go ahead and operate [the] business." On August 30, 1962, Mr. Owens and Mr. Parsons went to the Central National Bank at Carthage, Missouri, to which the original obligation had been "pledged," in Mr. Parsons' words, and there executed a new note and mortgage. This second mortgage included the second, loaned lathe, to which Mr. Owens had never acquired title. In October 1962, the mortgagee took possession of the second lathe and this action followed. The trial court entered a judgment finding the issues generally in Mr. Parsons' favor, and finding that he was the owner and entitled to possession of the lathe. The plaintiff appealed.

Upon the first appeal in this case, we held, among other things, that since Mr. Owens never acquired title to the second lathe he could not mortgage it; that when Mr. Parsons consented to the return of the first lathe he waived his lien under the first chattel mortgage and was required to look to the mortgagor personally for payment of the mortgage debt; and that since the record indicated no knowledge on the plaintiff's part that the lathe was released upon condition, the mortgagee could not claim the first lathe or its value from the plain-

tiff. In considering and ruling upon the defendant's claim that plaintiff's conduct estopped it from claiming title to the lathe, we concluded, in the first place, that plaintiff's conduct in loaning the mortgagor the second lathe was not sufficient to estop it from asserting title, and further that since the mortgagee had changed his position before the plaintiff repurchased the first lathe and substituted the second, he had not changed his position for the worse in reliance upon any representation or conduct of the plaintiff. Midwestern Machinery Co. v. Parsons, supra, 385 S.W.2d at 226–228. We therefore reversed the judgment for the defendant and, with some hesitation, remanded the cause for proceedings not inconsistent with the opinion, and for retrial upon the merits. We gave the parties leave to amend their pleadings if they desired. Nevertheless, the parties simply resubmitted the case to the trial court upon the same record which had been before us on the first appeal, and upon a stipulation which does not appear in the record. The trial court thereupon entered judgment for the plaintiff and the defendant has now appealed. Inasmuch as this is a second appeal, the first matter for consideration is the extent to which the first opinion states the law of the case.

■ The doctrine of the law of the case, at least in practical application, is rather complex, and perhaps has yet to be fully articulated. Anno., 87 A.L.R.2d 271, 277–284, Sections 2, 3 [a] (1963). It would not be accurate to say that the first opinion was res judicata, for the case was remanded generally, and all issues were open to consideration on a new trial. Had a substantially different state of fact been presented, then the opinion would have stated the law of the case only so far as the principles declared were applicable to the new state of fact. Creason v. Harding, 344 Mo. 452, 463–464, 126 S.W.2d 1179, 1183–1184 [1] [2]. Nevertheless, the pleadings were not amended and no new evidence was introduced, save a stipulation not made of record, and inasmuch as the issues and evi-

dence are the same on both appeals, the matters adjudicated on the first appeal must be considered as settled on this second appeal unless the first opinion was based on a mistake of fact or resulted in manifest injustice to the parties. Logsdon v. Duncan, Mo., 316 S.W.2d 488, 491 [2]; Maxie v. Gulf, M. & O. R. Co., 358 Mo. 1100, 1105, 219 S.W.2d 322, 323–324 [1], 10 A.L.R.2d 1273, 1276–1277, cert. den. 338 U. S. 823, 70 S.Ct. 69, 94 L.Ed. 499; Swain v. Anders, 349 Mo. 963, 967, 163 S.W.2d 1045, 1048 [1].

■ We do not understand the appellant to say on this second appeal that we misunderstood the controlling facts in our first opinion; his argument is that we did not give proper effect to the facts which the record demonstrates, because if we had we would have held the plaintiff was estopped to assert its title to the lathe. We have again reviewed the evidence and find ourselves unable to agree. In essence, the appellant's claim is simply that the evidence was sufficient to establish his defense and counterclaim, even though we have previously held to the contrary. Rulings as to the sufficiency of the evidence to establish a claim or defense come within the doctrine of the law of the case when the evidence is the same on both appeals, Lonnecker v. Borris, Mo., 245 S.W.2d 53, 55; Bradley v. Becker, 321 Mo. 405, 412–413, 11 S.W.2d 8, 10 [1]; Mahany v. Kansas City Rys. Co., Mo., 254 S.W. 16, 20 [1], 29 A.L.R. 817, 824; Vaughn v. Conran, Mo.App., 20 S.W. 2d 968, 969 [3], and there appears to us to be no reason to depart from our first opinion. The judgment is therefore affirmed.

STONE, P. J., and TITUS, J., concur.