Rose Burns **WILLIAMS**, Plaintiff-Respondent,

v.

**FORD MOTOR COMPANY**, a Corporation, and McMahon Ford Company, a Corporation, Defendants-Appellants.

No. 33135.

St. Louis Court of Appeals, Missouri.

April 28, 1970.

Motion for Rehearing or to Transfer to the Supreme Court Denied May 28, 1970.

Robertson, DeVoto & Wieland, Leo C. DeVoto, Jr., Morton K. Lange, Melville A.

Ochsner, St. Louis, for defendants-appellants.

Bahn & Saitz, Robert W. Saitz, St. Louis, for plaintiff-respondent.

BRUCE NORMILE, Special Judge.

This is the second appeal of this products liability case. On the first appeal this court reversed a judgment against defendants and the cause was remanded for a new trial on the issue of liability alone leaving the $15,000.00 verdict in abeyance pending determination of the issue of liability. Williams v. Ford Motor Company, Mo.App., 411 S.W.2d 443. The subsequent retrial of the cause resulted in verdict and judgment in favor of both defendants. Thereafter the trial court sustained plaintiff's motion for a new trial as to both defendants on the ground that the court had erred in giving defendants' Instruction Number 6 (a contributory negligence instruction).

█ Plaintiff-Respondent has also moved in this court to dismiss the appeal of defendant-appellant McMahon Ford Company for violation of Civil Rule 83.06 V.A.M.R. by "failing to file its appellant's brief with the Clerk of this Court and failing to deliver copies of its appellant's brief to the Respondent." However, in effect, appellant McMahon filed briefs only five days after appellant Ford Motor Company and twenty days prior to the filing of respondent's motion. The issues presented are the same for both defendants. Under these circumstances the motion will be denied.

The facts are set out in some detail in the first opinion of the case. Briefly these facts are that plaintiff purchased a new Thunderbird automobile with power steering from defendant McMahon Ford Company and received delivery of that automobile at about 4:00 P.M. on a Friday afternoon. At the time of delivery the steering of the car was "tight" and it had a noise in the steering. The steering got worse on the weekend with "binding on the turns". On that Monday plaintiff contacted defendant McMahon regarding the steering and on Tuesday the car was picked up for repair. Defendant McMahon worked on the car and returned it to plaintiff at about 5:00 P.M. that day at her place of employment. Plaintiff drove the car from there ten blocks to her home where it was parallel parked on the street until 9:00 P.M. At that time plaintiff intended to go to the confectionary. She turned the car to the right to clear a parked car ahead of her. She then began to accelerate and when she did, she tried to turn the car back to the left, but the steering locked and it wouldn't turn at all. The car leaped the curb and struck a tree causing severe injury to the plaintiff. The car was then four days old and had been returned to her after the steering repair only a few hours before. It had been driven only ten blocks subsequent to that repair. Certain other facts will be referred to hereafter. At both trials plaintiff submitted the issue to the jury on the theory of breach of implied warranty of fitness.

In the first appeal the defendants challenged the sufficiency of plaintiff's evidence to make a case under this theory and also attacked certain instructions. This court then found the issue of submissibility in favor of the plaintiff and determined that the evidence warranted the jury finding against the defendants under the principle of "strict liability for breach of warranty of fitness" citing Restatement, Law of Torts 2d, § 402A (1965); Morrow v. Caloric Appliance Corp., Mo. (Banc), 372 S.W.2d 41; and Henningsen v. Bloomfield Motors and Chrysler Corp., 32 N.J. 358, 161 A.2d 69; 75 A.L.R.2d 1 as to defendant Ford and citing Dubinsky v. Lindburg Cadillac Co., Mo.App., 250 S.W.2d 830 [2]; Mullins v. Sam Scism Motors, Inc., Mo. App., 331 S.W.2d 185 [2] and Hays v. Western Auto Supply Co., Mo., 405 S.W.2d 877 [4] as to defendant McMahon.

The reversal of plaintiff's judgment on that appeal was on the basis of error in

plaintiff's verdict directing instruction. Williams v. Ford Motor Company, supra, l. c. 450 [9]. (Submission in the case would now be under MAI 25.04)

Defendants' present appeal is based on two points.

Point one again challenges the sufficiency of plaintiff's evidence to make a submissible case against the defendants on plaintiff's theory of implied warranty of fitness.

Point two charges error in the grant of a new trial urging that Instruction Number 6 was properly given.

*Sufficiency of the evidence.* Defendants urge that the evidence did not show a defect in the steering assembly at the time it left the manufacturer that had any causal connection with the collision; that the evidence showed the casualty resulted from either of two or more causes, for only one of which the defendants were liable in that the plaintiff's evidence showed that she drove off the street, over the curb, and into the tree; that this created a factual inference of plaintiff's negligence under the res ipsa loquitur doctrine; and that plaintiff's explanation of this inference was "contrary to scientific principles * * * was incredibly impossible and cannot be accepted as substantial".

█ It is plaintiff-respondent's position that defendants are now estopped by the doctrine of "the law of the case" from again raising the question of submissibility since it was determined in the first case. Generally, when the evidence on a second appeal is substantially the same as that on the first appeal, all matters, questions, points, or issues adjudicated on the prior appeal are the law of the case on the subsequent appeal and will not be reconsidered or readjudicated therein. 5B C.J.S. Appeal and Error § 1821, p. 181; Norris v. Bristow, Mo., 236 S.W.2d 316, 319 [2]; Brown v. Kroger Company, Mo.App., 358 S.W.2d 429; Logsdon v. Duncan, Mo., 316

S.W.2d 488; Langdon v. Koch, Mo.App., 435 S.W.2d 730; Wilson v. Toliver, Mo., 305 S.W.2d 423; Midwestern Machinery Co. v. Parsons, Mo.App., 415 S.W.2d 545.

█ Rulings as to the sufficiency of the evidence to establish a claim or defense comes within the doctrine of "the law of the case" when the evidence is the same on both appeals. Midwestern Machinery Co. v. Parsons, supra; Lonnecker v. Borris, Mo., 245 S.W.2d 53; Brown v. Kroger Co., supra. The law of the case does not apply where the pleadings have been amended to introduce new issues or the evidence on retrial is *substantially* different from the evidence on the vital questions considered at the former hearing. Norris v. Bristow, supra; Crossno v. Terminal R. Ass'n of St. Louis, 333 Mo. 733, 62 S.W.2d 1092, 1094; Smiley v. Kinney, Mo., 262 S.W. 349, 354; Schell v. City of Jefferson, Mo., 235 S.W.2d 351. It is also true that the doctrine of the law of the case does not apply where the first opinion was based on a mistaken fact or resulted in a manifest injustice to the parties. Logsdon v. Duncan, supra, 316 S.W.2d l. c. 491 [2]; Midwestern Machinery Co. v. Parsons, supra. However defendants make no contention in this regard.

Defendants reply that the doctrine of "the law of the case" does not apply because the facts involved in this appeal present a wholly different case than presented on the first appeal. Plaintiff suggests, however, that certain statements in defendants' briefs constitute admissions that the evidence at both trials was substantially the same. In their joint brief defendants assert:

"Her evidence showed (a) the Ford Shop Manual showed four ways that its steering mechanism could malfunction, (b) that from the time the car first left McMahon Ford to the time of injury, the steering mechanism did not operate properly, (c) that McMahon and Ford had exclusive possession of the steering mechanism after the collision and, (d) that un-

der normal operation of the car the steering mechanism did fail and the car went out of control—within four days after delivery of the car and within four hours after re-delivery."

Upon analysis of these same points this court in the previous opinion stated:

" * * * From all this a jury could logically conclude that from the time Ford delivered the car to McMahon until the moment of impact, there was a defect in the steering mechanism; and that the defect caused her to run into the tree."

Williams v. Ford Motor Company, supra, 411 S.W.2d l. c. 448.

Defendants further noted in their brief that in the second trial plaintiff "attempted to rely on the same quantity of circumstantial evidence, which this court held in the previous appeal to be sufficient for her purpose." After setting out other facts in evidence at the second trial relating to the occurrence, defendants also state in their brief that: "If true, of course, the above evidence would be sufficient under the previous ruling of this court to raise an inference that the steering mechanism was defective at the time of manufacture."

■ Defendants' reply brief filed on this appeal does not deny that plaintiff's evidence was substantially the same at the second trial. This and the above statements do constitute admissions by defendants. Fairley v. St. Louis Public Service Co., Mo.App., 389 S.W.2d 378. However, defendants urge that: "*Defendants'* evidence was not the same in the extremely important respect that in the previous trial there was no evidence of Ackerman's Principle of Automotive Steering and therefore no mathematical evidence of the physical impossibility of plaintiff's version of the manner in which this accident happened." (Emphasis added.) Defendants did have expert testimony at the second trial that the accident could not have occurred in the manner in which plaintiff testified. Defendants urge that this is a material change in the evidence and for this reason the opinion on the prior appeal did not determine the issue of submissibility now. A similar situation was dealt with in the case of Highfill v. Brown, Mo., 340 S.W.2d 656, 659 [2–4] where it was stated: "Defendants' argument in support of their position clearly shows that it is not based on a favorable view of plaintiff's evidence. In material respects their argument is based upon evidence offered by defendants, which evidence is not binding on plaintiff and, in fact, materially conflicts with, and is contradicted by plaintiff's evidence in his personal testimony." As stated in the first Williams opinion, supra: "In determining submissibility the evidence will be viewed favorably to plaintiff; she will be given the benefit of any part of the defendants' evidence favorable to her which is not contradicted by her own testimony or contrary to her own fundamental theory of recovery. We will disregard the defendants' evidence unfavorable to the plaintiff." We must, then, on this appeal, as on the first appeal, disregard the defendants' evidence, including this new evidence of defendants, concerning Ackerman's Principle, which is not favorable to the plaintiff. When this is eliminated the evidence favorable to submissibility is admitted to be substantially the same as that on the first trial. The doctrine of "the law of the case" clearly applies and the evidence is found sufficient for submissibility on that basis.

*Propriety of Instruction Number 6.* Defendants challenged the grant of a new trial on the basis of alleged error in the giving of this instruction which submitted contributory negligence of the plaintiff based on MAI 28.01 (Now MAI 32.01) as modified by MAI 17.04. The instruction is as follows:

"Instruction No. 6

"Your verdict must be for the defendant if you believe:

First: Plaintiff could have, by the exercise of the highest degree of care, aft-

er danger was apparent, stopped said automobile, but failed to do so, and

Second: Plaintiff was thereby negligent, and

Third: Such negligence of the plaintiff caused or directly contributed to cause her damages."

Plaintiff's motion for a new trial complained that the instruction was contrary to the suggested instructions for use in MAI, that it granted a roving commission, that it erroneously injected the issue of damages which were not in issue, that the defense of contributory negligence was not proper in a case submitted on the doctrine of strict liability for implied breach of warranty, and that submission of contributory negligence was without evidentiary support.

The trial court sustained the motion for a new trial on the grounds that Instruction Number 6 was erroneous and that it was contrary to the suggested instructions for use in MAI, that it gave the jury a roving commission, that it deviated from the MAI terminology, and that it erroneously injected damages into the case. By his brief on this appeal, plaintiff urges the errors set out in the judgment of the trial court and also urges error for the reason that the defense of contributory negligence is totally improper in a case submitted on the doctrine of strict liability for breach of warranty of fitness.

■ It is unnecessary here to examine the merit of the reasons relied on by the trial court in sustaining plaintiff's motion for a new trial. It is better, however, that the decision be grounded upon the most obvious error appearing from the submission of Instruction Number 6, so that further error may be avoided on retrial. The manifest error arises in the giving of a "contributory negligence" instruction of the nature of Instruction Number 6 in a case submitted under strict liability upon implied warranty. This issue has been properly preserved here by plaintiff's motion for a

new trial and by her appellate brief. Ryan v. Manheimer, Mo., 435 S.W.2d 366; Dial v. Seven-Up Bottling Co., Mo., 373 S.W.2d 53; Rol Miller & Sons, Inc. v. Schultz Products Co., Mo.App., 418 S.W.2d 721. Even if it had not been so preserved, it would have been appropriate in this case to have reviewed it under Civil Rule 79.04 V.A.M.R. concerning plain errors.

■ This case was pleaded and submitted under the theory of "strict liability for breach of warranty of fitness". Although the opinion in Williams v. Ford Motor Company, supra, used this language, it has been interpreted as an express adoption of the rule of "strict liability in tort" stated in 2 Restatement, Law of Torts 2d, § 402A. Krauskopf—Products Liability, 32 Mo.Law Review, 459, 468. There are distinctions between the two theories which will not affect the issues which are presented on this appeal although some separate attention will be given to each theory. In any event, the rule of "strict liability in tort" was adopted in Missouri in the case of Keener v. Dayton Electric Manufacturing Co., Mo., 445 S.W.2d 362, 364. The rule from 2 Restatement, Law of Torts 2d, § 402A is as follows:

"(1) One who sells any product in a defective condition reasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

The evolution of products liability law in Missouri from warranty to "strict liability in tort" may be seen from examination of the following: Roberts, Implied Warranties—The Privity Rule and Strict Liability—The Non-Food Cases, 27 Mo.Law Review 194; Morrow v. Caloric Appliance Corp., Mo., 372 S.W.2d 41; McCleary, Torts of Missouri, 30 Mo.Law Review 71; Williams v. Ford Motor Company, supra; Krauskopf—Products Liability, 32 Missouri Law Review 459 (1967); Krauskopf—Products Liability, 33 Missouri Law Review 24 (1968); Keener v. Dayton Electric Manufacturing Co., supra.

It must be noted that within the field of torts, the division of "strict liability in tort" is separate from the divisions of "negligence" or "defamation" or "deceit", or intentional invasions of interest, such as assault, battery or trespass. 2 Restatement, Law of Torts 2d, § 402A, Comment m, p. 355 states that: "The liability stated in this Section does not rest upon negligence. It is strict liability, similar in its nature to that covered in Chapters 20 and 21. The basis of liability is purely one of tort." The Chapters 20 and 21 referred to are in 3 Restatement, Law of Torts 1st under the division of torts known as "Absolute Liability". They cover the liability of possessors and harborers, of wild or abnormally dangerous animals and the liability for ultrahazardous activities. Although Section 402A of the Restatement, Law of Torts 2d has been inserted in the chapter dealing with the negligence liability of the suppliers of chattels, comment a of the section, supra, p. 348, notes that this was done for convenience of reference and comparison.

■ The "release from the shackles of warranty language" accomplished by Keener v. Dayton Electric Manufacturing Co., supra, has eliminated the warranty defenses of notice, privity, disclaimer and reliance in products liability cases. Has there also been a release from the shackles of negligence language? The opinion in Williams v. Ford Motor Company, supra, 411 S.W.2d l. c. 448 [4] stated that: "The defendants' liability for a defective product can no longer be measured by the principles of negligence * * *". The Keener opinion, supra, 445 S.W.2d l. c. 365 adopts the Restatement defense of *"contributory fault"* to strict liability in tort as follows:

"Contributory negligence, as we ordinarily apply it, is not a defense to strict liability. The 'defense which consists of voluntarily and unreasonably encountering a known danger * * * will, in general, relieve the defendant of strict liability.' Prosser, The Law. of Torts, 3rd Ed., § 78, p. 539. Cf. Goetz v. Hydraulic Press Brick Co., 320 Mo. 586, 9 S.W.2d 606, 60 A.L.R. 1064. The Restatement position is that if the user 'discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery'. 2 Restatement, supra, § 402A, p. 356. In 3 Restatement, Law of Torts, First, § 524, this defense is referred to as 'contributory fault.'"

It must be frankly conceded that *"contributory fault"* is of the nature of "assumption of risk". Some clarification of the relationship is given in 2 Restatement, Law of Torts 2d, § 402A, Comment n, p. 356 as follows:

"n. *Contributory negligence.* Since the liability with which this section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to en-

counter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

The scope note to Chapter 17A, Assumption of Risk, in 2 Restatement, Law of Torts 2d, p. 560, states: "As to assumption of a risk where the action is founded upon the strict liability of the defendant *see §§ 515 and 524.*" (Emphasis added.) Section 496A, comment d, p. 563, of the Restatement, Law of Torts 2d states: "(contributory negligence) is a defense to strict liability only when it amounts to voluntarily encountering a known unreasonable risk, or in other words, to assumption of risk. (*See §§ 515 and 524*)" (Emphasis added.) As noted 3 Restatement, Law of Torts 1st, §§ 515 and 524 deal with the defense of "contributory fault" in cases of strict liability involving animals and ultrahazardous activities. The Restatement consistently refers to the "contributory fault" section in discussion of defenses to strict liability even when it talks in terms of assumption of risk.

■ Some confusion can arise when it appears that contributory fault is of the nature of assumption of risk when at the same time it is known that assumption of risk can sometimes be contributory negligence. The permeation of this area of the law, with semantic problems, has been noted in an annotation, "Contributory Negligence Or Assumption Of Risk As Defense To Action For Personal Injury, Death, or Property Damage Resulting From Alleged Breach Of Implied Warranty." 4 A.L.R.3rd 501, 503–505. It is remarked there that those cases that have refused to speak in terms of "contributory negligence" or "assumption of risk" " * * have begun to make a path toward a workable solution whereby the question may be answered with simplicity and clarity. * *

While the adoption of such terminology may be primarily a matter of form rather than substance, it would seem to be a form which could eliminate the undesirable confusion now existing." Under the Restatement and Missouri view *contributory fault* is the defense to *strict liability in tort.* Keener v. Dayton Electric Manufacturing Co., supra. For purposes of clarity and simplicity reference should be made to the defense under its proper term even though it is in the nature of "assumption of risk".

This does not mean that within the division of negligence the decision in Keener v. Dayton Electric Manufacturing Co., supra has resurrected or extended what has been called: " * * * no longer a viable doctrine in Missouri." 24 Journal of Missouri Bar 269 commenting on Turpin v. Shoemaker, Mo., 427 S.W.2d 485. The Turpin case indicated that the doctrine of "assumption of risk" might be awaiting its "coup de grace". It noted that the doctrine had been conceived and continued in controversy after the bulk of its application in master-servant cases had been eliminated and that the defenses could be handled with equal fairness and "with *much* less confusion by confining the issues to negligency and contributory negligence." In fact adoption of strict liability defense terminology of *contributory fault* may more easily allow the doctrine of "assumption of risk" to be gracefully merged into contributory negligence within the division of negligence actions, *if* that is yet to be done. Nonetheless, past authority on the doctrine of assumption of risk will be of value in future analysis of the newly adopted doctrine of "contributory fault".

■ The foregoing view that contributory negligence is not available as a defense to "strict liability in implied warranty" or to "strict liability in tort" as adopted by Keener v. Dayton Electric Manufacturing Co., supra, is equally well founded upon the prior law. As noted strict liability in tort does not rest upon negligence. "The term 'contributory negligence' necessarily presupposes negligence for which defendant is

responsible, which would sustain an action but for the concurrence of the contributory negligence." 65A C.J.S. Negligence § 116, p. 23; Floyd v. Thompson, 356 Mo. 250, 201 S.W.2d 390; White v. Bunn, 346 Mo. 1112, 145 S.W.2d 138; Tribout v. Kroger Grocery & Baking Co., Mo.App., 191 S.W. 2d 261; Christman v. Reichholdt, Mo.App., 150 S.W.2d 527. By analogy, contributory negligence is not a defense to willful and wanton negligence. Stewart v. Farley, 364 Mo. 921, 269 S.W.2d 896, 897; Weeks v. Atchison, T. & S. F. R. Co., 232 Mo.App. 429, 109 S.W.2d 374, 377; 65A C.J.S. Negligence § 131a; 2 Restatement, Law of Torts 2d, § 482, § 481(a). Nor is a defense of contributory negligence available as a defense to actions based on defendants' intentional conduct. Hodges v. Schuermann Building & Realty Co., Mo.App., 174 S.W. 2d 909 (Assault and Battery); 2 Restatement, Law of Torts 2d, § 481. Contributory negligence is not available as a defense to a warranty case. See Morrow v. Caloric Appliance Corp., Mo., 372 S.W.2d 41, 56 [11] where no error was found in refusing a contributory negligence instruction in a warranty case. (The decision was somewhat qualified because in its later discussion the court assumed, without deciding, that a fact situation might be shown evidencing such negligence as to bar recovery under a warranty.) 77 C.J.S. Sales § 357, p. 1266; Brown v. Chapman (1962 CA Hawaii), 304 F.2d 149; 4 A.L.R.3d 490. Discussion above of the nature of "contributory fault" has indicated that contributory negligence is not a defense to a case founded in "strict liability in tort". In this regard also see Krauskopf—Products Liability, 33 Missouri Law Review, p. 25, l. c. 36; McCleary—Torts in Missouri, 30 Missouri Law Review, pp. 71, 77–78; Annotation: "Products Liability: Strict Liability in Tort", 13 A.L.R.3d 1057, § 11, p. 1100.

■ Upon determination of the above it must then be considered as to whether Instruction Number 6 might amount to contributory negligence in the nature of assumption of the risk or of contributory fault. If so, it might still be proper, since it was submitted prior to the decision in Keener v. Dayton Electric Manufacturing Co., Mo., 445 S.W.2d 362 adopting contributory fault as such. However, the instruction does not meet this test. It does not make any reference to the discovery of the defect by the plaintiff nor her awareness of the danger. Keener v. Dayton Electric Manufacturing Co., supra, l. c. 365. "Knowledge of the risk is the watchword of assumption of risk. Ordinarily the plaintiff will not be taken to assume any risk of conditions or activities of which he is ignorant. Furthermore, he must not only know of the facts which create the danger, but he must comprehend and appreciate the danger itself." Turpin v. Shoemaker, Mo., 427 S.W.2d 485, 489; Terry v. Boss Hotels, Inc., Mo., 376 S.W.2d 239, 248 [18]; Day v. Mayberry, Mo.App., 421 S.W.2d 34; 2 Restatement, Laws of Torts 2d, § 496D, comments c and e.

■ Even if Instruction Number 6 had submitted knowledge of the defect and appreciation of the danger, plaintiff would also be correct that there is not sufficient evidence in this case to justify the submission of that issue. The evidence showed that the only defect that plaintiff had discovered prior to the occurrence of the accident was that the car was difficult to steer. The accident immediately occurred after the steering locked. There was no evidence to show that she had knowledge of a defect which would suddenly cause the car not to steer at all. This defect was not discoverable until it had occurred. Plaintiff also knew that the car's steering had been repaired only a few hours previously by defendant McMahon. She cannot be held to have comprehended or appreciated a danger that the car would quit steering just because it had been difficult to steer. Not having discovered the defect or being aware of the danger, she could not have proceeded unreasonably in the use of the car and become injured by her "contributory fault". As stated in Turpin v. Shoemaker, supra, 427

S.W.2d l. c. 490; " * * * when we reach the question of the required *anticipation* of a danger which is not actually known, * * * we reach the issue of contributory negligence, and eliminate assumed risk * * * ". Any failure on plaintiff's part to exercise ordinary care to discover the real danger which was present would have been contributory negligence rather than assumption of risk or contributory fault.

As detailed, mere contributory negligence would not be a defense. The trial court was correct in granting plaintiff a new trial on the basis of the giving of Instruction Number 6 on behalf of defendants.

The action of the trial court in granting a new trial is affirmed and the cause is remanded for a retrial on the issue of liability alone. The $15,000.00 verdict from the first trial shall remain in abeyance pending the determination of the issue of liability.

WOLFE, P. J., and BRADY, J., concur.