Florence E. LYON, Plaintiff-Appellant,

v.

Vivian H. SOUTHARD, Administratrix of the Estate of Henry Monroe Southard, Deceased, Defendant-Respondent.

No. 47024.

Supreme Court of Missouri,

Division No. 1.

April 13, 1959.

Rehearing Denied May 11, 1959.

Donnelly & Donnelly, Robert T. Donnelly, David Donnelly, Lebanon, for appellant.

Breuer, Northern & Crow, Eugene E. Northern, Rolla, for respondent.

WESTHUES, Judge.

Plaintiff, Florence E. Lyon, widow of Lolla Thomas Lyon, filed this suit in the Circuit Court of Laclede County to recover $25,000 as damages for the wrongful death of her husband. The defendant is the administratrix of the estate of Henry Monroe Southard, deceased. Lyon came to his death as a result of a collision between a car driven by Southard and one driven by him, Lyon. Both drivers lost their lives in this collision. The allegation of negligence submitted to a jury was negligent speed on the part of Southard. A trial resulted in a verdict by the jury in favor of plaintiff in the sum of $25,000. The trial court sustained a motion to set aside the verdict and enter a judgment for the defendant. Plaintiff appealed.

The two main questions for our review are whether plaintiff's evidence was sufficient to support a finding of negligent speed on the part of Southard and whether Lyon was guilty of contributory negligence as a matter of law.

The collision in question occurred at about 11 or 11:30 p. m., on December 5, 1957, about 9 miles east of Lebanon, Missouri, on Highway 32. Southard was driving a Chevrolet and Lyon was driving an Oldsmobile, both apparently driving west. The roadway at the point of collision was of black bituminous pavement, 18 feet wide. The roadway in the vicinity of the collision was generally straight east and west and on the night in question the surface was practically dry. The collision occurred about 300 feet west of the crest of a hill. Since there were no eyewitnesses, the cause of the collision must be gathered from the physical facts found at the scene. We shall state these facts as best we can. The cars were found on the north side of the road about 325 feet or so west of the crest of a hill. The Oldsmobile was facing north; the front wheels thereof were partially in the ditch. The Chevrolet was facing west; the front end thereof was against the right

side of the Oldsmobile. Tire or skid marks evidently made by the Chevrolet were found on the roadway beginning about 30 or 40 feet west from the crest of the hill, thence straight west for a distance of about 258 feet to the point of collision and then westerly and slightly to the north about 33 feet to the point where the cars were found.

The point of impact was determined by the debris found in the road immediately south of a driveway leading to the north from the roadway. Marks of tires evidently made by the Oldsmobile were found beginning on the north side of the road a short distance east of the point of impact, thence south to the ditch on the south side of the road and then back to the north side of the roadway toward the driveway above mentioned which was apparently the point of impact. From the point of impact to the point where the cars came to rest, no tire marks were found leading to the Oldsmobile. Tire marks made by the Chevrolet were found there. Both cars were completely demolished. The Oldsmobile was bent into a "rainbow shape." From the marks on the roadway, it would appear that by the force of the impact the Chevrolet lifted the Oldsmobile off the pavement and deposited it 33 feet to the west.

 The question presented is whether the above-stated facts justify a finding by a jury that Southard was driving at a high and negligent speed. We are of the opinion that they do. The question of negligent speed depends upon the circumstances. A rate of speed which would be considered unreasonable and negligent in one set of circumstances may not be so in other and different circumstances. The essential facts may be proved by circumstantial evidence. Brawley v. Esterly, Mo., 267 S.W. 2d 655, loc. cit. 659, 660(3–5). In the present case, we find some of the circumstances to be that it was night; the roadway was 18 feet wide; the hill (over which defendant passed before reaching the point of collision) was of sufficient height that a driver could not see beyond the crest until

about the time he would be at the top of the hill. Then, we must consider the tire marks for about 258 feet before the point of collision and the crash against the Oldsmobile with such force that the Oldsmobile was carried 33 feet by the momentum. The Oldsmobile was bent into a "rainbow" shape. From these circumstances, a jury finding is justified that the speed at which defendant was driving was a negligent speed, and further that the negligence was the proximate cause of the injury. In 60 C.J.S. Motor Vehicles § 296, p. 702, it is stated: "In descending a steep hill or grade the operator of a motor vehicle should have it under control, and travel only at a speed which is reasonable in view of the situation. Driving of a motor vehicle where the rising ground bars the view so that the driver cannot see or his oncoming vehicle be seen imposes on him the same care required of a driver whose eyes are blinded by glaring lights or the dazzling rays of a setting sun; and failure to slow down and bring the vehicle under control under such conditions is negligence." In 60 C.J.S. Motor Vehicles § 294, p. 698, we note the following: "A motorist driving at night is bound to keep his vehicle reasonably under control so as to avoid injuring other persons on the highway and so that in the exercise of reasonable care he will be able to stop his car and avoid a collision." See also 60 C.J.S. Motor Vehicles § 293, p. 691; Hillis v. Home Owners' Loan Corporation, 348 Mo. 601, 154 S.W.2d 761, loc. cit. 764, 765(4) (5–10); Brawley v. Esterly, supra; Hillis v. Rice, Mo.App., 151 S.W.2d 717, loc. cit. 724(3) (4–6). We rule that under the evidence it was a jury question whether Southard was negligent and whether such negligence was the cause of the collision.

 The remaining question is whether plaintiff's husband was guilty of contributory negligence as a matter of law. Defendant seems to take a queer position in this case. The contention is made that plaintiff's husband was guilty of negligence as a matter of law, but that Southard as a matter of law was not guilty of any negli-

gence. We are of the opinion that both questions were for a jury to determine. Had the evidence disclosed that Lyon had voluntarily left his car parked on the traveled portion of the roadway in the nighttime, he would have been guilty of negligence. But such was not the case. The evidence supports a theory that Lyon was having trouble with his car. The tire marks indicated that the car was turned abruptly from the north to the south side of the road and at least partially into the ditch at the side of the road; then, as the tire marks indicated, the car moved back to the north side of the road and was headed directly toward the driveway leading from the north side of the road. Why such movements of the car were made was left to speculation. Did Lyon notice an animal, such as a cow, on the highway and turn his car to avoid colliding with it? Did something happen to his car? Did the steering equipment give way? Did a tire suddenly blow out? Where there is no direct evidence of conduct which would indicate negligence, a person in case of death is presumed to have exercised due care. Hasenjaeger v. Missouri-Kansas-Texas R. Co., 227 Mo.App. 413, 53 S.W.2d 1083, loc. cit. 1087(9); Sing v. St. Louis-San Francisco Ry. Co., Mo., 30 S.W.2d. 37, loc. cit. 41 (9, 10). A number of reasonable theories could be advanced as to how and why Lyon's car came into a north and south position on the east and west road without any negligence on Lyon's part. Evidently Southard noticed Lyon in trouble as he, Southard, passed over the crest of the hill. The tire marks indicated an almost immediate application of the brakes, but because of the high rate of speed, the car with the brakes applied traveled 258 feet or more and then crashed into the Oldsmobile with the disastrous results above related.

It is our opinion that the trial court was right in submitting the case to a jury. The evidence amply supports the verdict. Our ruling is supported by good authority as may be noted in the cases cited supra. See also Thompson v. Byers Transportation Co., 362 Mo. 42, 239 S.W.2d 498, loc. cit. 500(5).

The judgment of the trial court in favor of the defendant is hereby reversed and the cause is remanded to the trial court with directions to set aside the order and judgment entered and to reinstate the verdict of the jury and enter judgment thereon as of the date of the verdict.

It is so ordered.

HYDE, P. J., and DALTON, J., concur.

HOLLINGSWORTH, J., concurs in result.