Clois D. THOMPSON, Appellant,

v.

Hal L. JENKINS, Administrator of the Estate of Loyd Jenkins, Deceased, Respondent.

No. 47300.

Supreme Court of Missouri, Division No. 2.

Dec. 14, 1959.

Rehearing Denied Jan. 11, 1960.

Barkley, Brock, Poague & Brock, Clinton, Henderson and Boulware, Shelbina, for appellant.

Bollow, Crist & Oswald, Shelbina, Hess & Collins, Macon, for respondent.

BOHLING, Commissioner.

Clois D. Thompson sued Hal L. Jenkins, administrator of the estate of Loyd Jenkins, deceased, for damages arising out of an automobile collision involving an automobile operated by Donna C. Thompson, plaintiff's wife, and an automobile operated by said Loyd Jenkins, both of whom were killed in the collision. There were no eyewitnesses to the collision. The petition was in three counts. Plaintiff asked $25,000 damages for the wrongful death of his wife in Count I; $25,000 damages for injuries sustained by Randy Lee Thompson, the nineteen months old son of plaintiff and his wife, in Count II, and $2,500 damages to his automobile in Count III. Plaintiff was cast at the close of his opening statement, which he stated to the court and repeated, in substance, in his argument and brief here was as strong as the actual evidence to be introduced in behalf of plaintiff. No procedural question is involved. See Hays v. Missouri Pac. R. Co., Mo., 304 S.W.2d 800, 804[2–7]. Plaintiff has appealed from the judgment entered.

Defendant has filed a motion to dismiss this appeal on the ground plaintiff's brief violates the provisions of Supreme Court Rule 1.08(a) (1, 3, 4); (d) and (e). 42 V.A.M.S., Rules. Rule 1.15 authorizes such action for violations of Rule 1.08 "unless good cause is shown or the interests of justice otherwise require." Counsel for plaintiff cites no authority, case or statutory, in his suggestions in opposition to defendant's motion to dismiss. He leaves the briefing of the issue for the court. Plaintiff's brief is subject to criticisms leveled against it by defendant, and our courts have stated sound reasons for the observance of the rules of the court. Jacobs v. Stone, Mo., 299 S.W.2d 438, 440[1]; Ambrose v. M.F.A. Co-op. Ass'n, Mo., 266 S.W.2d 647, 648[1], 650, 651; Sullivan v. Holbrook, 211 Mo. 99, 109 S.W. 668, 670; Brown v. Thomas, Mo.App., 316 S.W.2d 234, 237[9]; Beeler v. Board of Adjustment, Mo.App., 298 S.W.2d 481. As stated at the close of a well considered article on Effective Appellate Briefs by Judge A. P. Stone, Jr., it is surprising that counsel for appellants assume such "a not inconsiderable but obviously unnecessary risk in dealing with the interests of their clients." 19 M.B. 80, 90. See also the article by Judge Samuel A. Dew, 26 K.C.U.L.R., No. 3, May, 1958.

Plaintiff is aided in the instant case in that the transcript is but forty-one pages in length, and there is but a single issue of negligence for determination. Holmes v. McNeil, 356 Mo. 846, 204 S.W.2d 303[1, 2]; Kirkpatrick v. Wabash R. Co., 357 Mo. 1246, 212 S.W.2d 764[1]; Peterson v. Bledsoe, 362 Mo. 258, 241 S.W.2d 375[1]. Plaintiff's point II, which defendant does not develop in his motion, does present reasons why his contention that defendant's decedent's automobile was on the wrong side of the road should be sustained. We consider this issue on its merits.

The collision occurred about six miles south of Bethany on the afternoon of April 13, 1958, on Highway 69, a north-south road, having a pavement 18 feet wide and a black center line. There was a light drizzle of rain and the pavement was wet but had no mud on it. It was not dark and the visibility was fair. As one approaches a church, located at the crest of a grade, from the south, he passes through a wide sweeping level curve to the left, west, and then there is a slight sloping gradual upgrade, not a hill, to the church. For southbound traffic the highway is practically level as one approaches the church and then slightly down grade to the curve.

Mrs. Thompson, with the baby in the Thompson two-door, one-seated, Dodge convertible, was northbound from their home in Lees Summit to visit relatives in Iowa. A short distance before the collision she was seen traveling 40 to 50 m. p. h. Loyd Jenkins was southbound on Highway 69 in his 1956 Chevrolet sedan. The collision occurred when the Dodge was practically but not quite out of the curve and entering on the upgrade. Two southbound motorists reached the scene at approximately the same time. The operator of the first car, when at the crest of the grade, saw the two cars blocking the highway some 300 feet south of him.

Counsel stated that the Chevrolet automobile was slightly over 16 feet and the Dodge slightly over 17 feet long; that each was six feet wide; that the Chevrolet measured about four feet from the rear to the rear axle, about ten feet from the rear to the front axle, and about three feet from the front axle to the front of the car; and that the Dodge measured a little over four feet from the rear to the rear axle, ten feet to the front axle, and three feet to the front of the car.

The Dodge car stopped on the east, its right, half of the pavement, headed northeast at approximately a 45 degree angle. The front bumper of the Dodge was intact. The damage to the Dodge began just back of the front bumper on its left side, and increased as it proceeded toward the rear of the Dodge until at the center post, just back of the seat, the Dodge was crushed to

only 18 inches in width. Its right front wheel was 14 inches from the east edge of the pavement, its left side was "buckled," and its left rear end extended a short distance across the center line.

The Chevrolet stopped with its front wheels on the center line and about 20 degrees north from being crossway of the southbound lane of the highway. The right rear of the Chevrolet extended slightly beyond the west edge of the pavement. Some witnesses would testify its rear wheels were on and near the west edge of the pavement; others, that its right rear wheel was just off the pavement. There were two tire marks on the shoulder just off the west side of the pavement, one about three and the other about ten feet long, immediately north of the Chevrolet and leading up to the Chevrolet's rear wheels. The Chevrolet was headed southeast, with that portion ahead of the front wheels across the center line, in the east half of the highway, and pointing southeast into the Dodge car. The damage to the Chevrolet was on its front, with the heavy damage at its left front end, which was mashed back, and running "diagonally like" on the front of the Chevrolet.

There were no tire or skid marks on the pavement. There was debris, glass and chrome, two to four feet east of the pavement and just north and east of the Dodge.

Mrs. Thompson, dead, was lying on her back on the pavement on the right, east, side of the Dodge, with her legs partly up on the floor in front of the seat. The baby was on the shelf by the back window of the Dodge, and was handed out of the back window to a man standing approximately on the highway center line.

Mr. Jenkins, also dead, was behind and leaning on the steering wheel of the Chevrolet.

Defendant says plaintiff charged and had the burden of establishing that the Chevrolet was on the wrong side of the road, and since the circumstantial evidence outlined in plaintiff's statement is as consistent with the theory that the Chevrolet was on its side of the road as with the theory it was on the wrong side of the road plaintiff's case was not removed from the realm of speculation and conjecture. Scott v. Terminal R. Ass'n, Mo., 291 S.W.2d 859, 862 [4], citing cases. Defendant stresses excerpts like the following from Bowers v. Columbia Terminals Co., Mo.App., 213 S.W.2d 663, 670[9, 10]: The proof should have a tendency to "actually exclude every other reasonable conclusion but the one desired." See also Varble v. Stanley, Mo. App., 306 S.W.2d 662, 667[8]; Dugan v. Rippee, Mo.App., 278 S.W.2d 812, 815[3]; Hogue v. Wurdack, Mo.App., 298 S.W.2d 492, 498[13].

It is stated in Bates v. Brown Shoe Co., 342 Mo. 411, 116 S.W.2d 31, 33 [1]: "Facts necessary to sustain a recovery in a civil case may be proven by circumstantial evidence, but the facts and circumstances proven must be such that the necessary facts to support a verdict may be inferred and must reasonably follow. Such evidence must exclude guesswork, conjecture, and speculation as to the existence of the necessary facts." Schoen v. Plaza Express Co., Mo., 206 S.W.2d 536, 538[2]; Gray v. Williams, Mo.App., 289 S.W.2d 463, 465[2–4]; Bowers v. Columbia Terminals Co., supra; 65 C.J.S. Negligence § 243, p. 1065; 38 Am.Jur. 1032, § 333. We have observed that, for a recovery, plaintiff in a civil case need not establish defendant's negligence beyond a reasonable doubt (Payne v. Reed, 332 Mo. 343, 59 S.W.2d 43, 47[10]), or to the "satisfaction" or "reasonable satisfaction of the jury," but only "by a preponderance, that is, the greater weight of the credible evidence" (Highfill v. Brown, Mo., 320 S.W.2d 493, 497[7]; Padgett v. Missouri Motor Distributing Corp., Mo., 177 S.W.2d 490, 492[5]; Timper v. Missouri Pac. R. Co., Mo., 98 S.W.2d 548[2]). Where plaintiff's evidence only supports equally either of several inconsistent factual inferences, some of which result in a failure of proof, it is insufficient (Lap-

pin v. Prebe, 345 Mo. 68, 131 S.W.2d 511, 513); but if the plaintiff's probative evidence justifies, although not strong enough to compel, the more probable inference of defendant's actionable negligence, it should be sufficient for a submissible case (see Ruby v. Clark, 357 Mo. 318, 208 S.W.2d 251 [2]; Lyon v. Southard, Mo., 323 S.W.2d 785, 787[1, 2]).

Defendant stresses Schoen v. Plaza Express Co., Mo., 206 S.W.2d 536, stating the case is exactly in point. This case involved a collision between a southbound Ford automobile operated by Schoen's decedent and defendant's northbound tractor-trailer combination. Plaintiff claimed that the tractor-trailer was not operated as close to the right hand side of the highway as practicable and stressed the location of debris on the west side of the center of the highway. Without detailing the evidence, we consider the following, not mentioned by defendant, a material factor in the Schoen case (loc. cit. 539): "* * * [T]he evidence shows the contact of the Ford automobile was with the left side of the tractor (to the front of the trailer) and, wherever the collision occurred with reference to the east (defendants' right-hand) side of the highway, it would seem that the Ford automobile would rebound or be thrown over to the west side of the highway." See the comment on the Schoen case in Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736, 737.

Defendant suggests it is more reasonable to guess that the Dodge was out of control and skidding sideways or at an angle up the highway, striking the left front of the southbound Chevrolet and pulling it around to the east, with the Dodge stopping with its rear end still west of the center line and its right rear (counsel means "front") wheel 14 inches west of the east edge of the pavement, than to guess that it happened as stated in plaintiff's statement. If the Dodge were skidding and struck and pulled the Chevrolet to the east, as stated, we think each car would have left skid marks on the wet pavement. If the momentum of the Chevrolet was a little west of south at the time of collision, as defendant argues, and the Dodge, at a northeast-southwest angle, skidded toward and struck the Chevrolet, the reasonable inference would be for the Chevrolet to glance off in a southwest direction, the same as the Ford was thrown to the west in the Schoen case. The issue involves defendant's actionable negligence. We think defendant's presentation ignores certain facts stated by plaintiff's counsel.

We take plaintiff's statement of the case in the most favorable light to plaintiff. The damage to the Dodge started on its left side just back of the bumper, which was intact, and progressively increased toward the rear until at the center post the Dodge was crushed to a width of only 18 inches, and its left side was buckled, causing its left rear to extend a short distance west of the center line. The damage to the Chevrolet was "diagonally like" on its front, with the heavy damage at its left front end, which was mashed back, and, headed southeast, its front extended into the east lane of the highway, pointing into the Dodge. There was debris two to four feet east of the pavement and just north and east of the Dodge. Plaintiff's stated case may not be as strong as the plaintiff's cases in Lyon v. Southard, Mo., 323 S.W. 2d 785[2]; Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736[1, 2]; Brawley v. Esterly, Mo., 267 S.W.2d 655, 660; Ruby v. Clark, 357 Mo. 318, 208 S.W.2d 251[1–4], or Helton v. Huckeba, 365 Mo. 93, 276 S.W.2d 78; 241 Mo.App. 786, 270 S.W.2d 486. However, from the fact that the point of contact on the Dodge was on its left side just back of the bumper and on the Chevrolet at its left front end and the stated location of the debris and the cars, we think a jury may reasonably infer that had the Chevrolet been proceeding south at the time of impact it would have rebounded toward the west and traveled southwest, but that since it stopped with its wheels on the center line with its front pointing into the Dodge and was across the road at an angle

of 20 degrees north of west, that the Chevrolet was moving toward and into the east lane and into the Dodge at the instant of impact, and that the force of the impact was such as to cause the Dodge to buckle and a part of its left rear end to extend into the west lane of the highway. Testimony from plaintiff's witnesses might radically affect the foregoing; but we have only the statement of plaintiff's counsel for consideration.

The judgment is reversed and the cause is remanded.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.