**Ray RYAN, Respondent,**

**v.**

**Ben P. MANHEIMER, Appellant.**

**No. 53469.**

Supreme Court of Missouri, Division No. 2.

Dec. 31, 1968.

Mogab, Hughes & Green, by Frank B. Green, Jr., St. Louis, for respondent.

Evans & Dixon, Eugene K. Buckley, St. Louis, for appellant.

EAGER, Judge.

This appeal is from an order granting plaintiff a new trial in a suit for personal injuries. There was a nine-man verdict for the defendant. While the subject will need some further elaboration, the motion was sustained upon the grounds that the evidence did not support a contributory negligence instruction, and that the instruction as given was erroneous. This action of the trial court necessitates a rather detailed review of the evidence.

Plaintiff, 55 years old at trial, had been a service manager at Castles-Wilson Buick in St. Louis for fifteen years and employed there for thirty-five years. On October 8, 1965, defendant Ben P. Manheimer brought in a 1965 Buick car which was about two months old, complaining of a rattle. Plaintiff got into the car and drove it from the service garage, with defendant riding on the right side of the front seat; they proceeded first on McPherson Avenue, and then into a north-south alley which was rather rough; this alley was frequently used for the discovery of rattles. Plaintiff soon heard the rattle and thought he had located it; he then turned the car to the right into another alley (east-west) which formed a "T" with the first alley there. He stopped the car, headed east, at a point which he estimated to be 40–60 feet from the wall of a brick building on the far (west) side of the first alley. The defendant later estimated the distance as about 20 feet. Plaintiff then told defendant that he thought he knew what the rattle

was and that he (defendant) should drive while plaintiff sat in the back seat to locate it. Plaintiff did get out of the driver's seat, climbed into the back and sat down; defendant moved over under the wheel. While plaintiff was "feeling around" in the upper left rear corner for what he thought was a broken weld, the car began to move backwards. He called out to defendant,—"Hey, you're in reverse. Step on the brake"; at about that same time the car speeded up materially, and plaintiff, as best he recalled, tried to reach over the back of the seat to grab the ignition key because he suspected that defendant had frozen at the wheel. In this he did not succeed. He felt no braking action at any time. The next thing he remembered was that someone was getting him out of the car. The rear of the car had struck the brick wall of a church on the west side of the first alley, and a photograph shows rather material damage to the left rear corner of the car. Plaintiff suffered substantial injuries, but our issues do not require any discussion of that feature. The evidence also showed: that the car was equipped with an automatic transmission and presumably with air conditioning and power brakes; that the gearshift lever was on the steering wheel and the notations on the indicator, running horizontally from left to right, were: P(park); R(reverse); N(neutral); D(drive); and L(low); that normally a car with air conditioning is set to idle a little faster (600 RPM as compared with 500) than one without it, and that such a car might "creep" if left in gear with all brakes released; that this car, however, moved backward at a speed much faster than any such creeping or idling movement.

We are concerned here only with the giving of the contributory negligence instruction, No. 4, and our discussion of the evidence will be limited to that subject. Defendant has not questioned the submissibility of plaintiff's case. That instruction was as follows: "Your verdict must be for

defendant whether or not defendant was negligent if you believe:

"First, plaintiff failed to check the gear indicator of the automobile to make certain it was in park or neutral gear before turning over the operation of the automobile to defendant when he knew or in the exercise of ordinary care could have known that the automobile, if left in gear, would move if the brake was released or accelerator depressed, and knew or in the exercise of ordinary care could have known, that in that event, there was a reasonable likelihood of collision; and

"Second, plaintiff was thereby negligent; and

"Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

"The term 'negligence' as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

"(M.A.I. 28.01 Modified & 11.02(1)— Offered by defendant.)"

Defendant's testimony was introduced by deposition. It was most unclear as to what really did happen. He thus testified (in places somewhat inconsistently): that he got behind the wheel and intended to drive on east; that he assumed that he released the brake; that his impression was that the emergency brake was on; that he did *not* know whether he put "it" in gear or not; that he did not recall what he did; that he did not step on the accelerator; that he didn't "touch anything at all" that he knew of; that he may have touched the brake, but didn't touch the accelerator; that he did not look at the gear indicator; that he did not remember whether he placed his hand on the gearshift lever; that he did not remember whether he touched the brake or the accelerator before plaintiff yelled; that the car had moved backward before plaintiff yelled; that he did not

know how fast the car moved; that plaintiff yelled "stop it," but "everything happened at one time"; that he did not recall doing anything after the car started to move, including any application of the brake or stepping on the accelerator; that he did not know what caused the car to move and had "no knowledge"; that he did not know whether he made any effort to apply either the foot or emergency brake after the car started to move.

Plaintiff testified, on at least three separate occasions, that he put the gears in "Park" when he stopped the car and before he got out; that he did not remember looking at the indicator to see that it was in "Park" because that is a "more or less automatic thing"; that he did not remember whether he put the emergency brake on; that if he had left the car in a gear, such as reverse, without the brake on, it would have been "creeping," and he would not have been able to get out and in as he did. He admitted that he made a mistake in his deposition in stating that the arrangement of gears was P-N-R-D-L; he further testified, at trial, that there is no car with such an arrangement, and that he "was just mistaken." He also testified: that he did not watch what plaintiff did, as he was feeling around for a broken weld; that a creep of the car from the idling would not have alarmed him, but that this car soon moved much faster.

As already indicated, the only issue on this appeal is the propriety of giving Instruction No. 4 submitting contributory negligence and, more specifically, the propriety of the Court's action in granting a new trial because of that. Practically all of plaintiff's motion for new trial was devoted to specific attacks on that instruction. We have determined that a new trial was properly granted, although we base our ruling on a somewhat different reason than did the trial court; however, the essential *ground* of both rulings is the same, namely, that there was not any substantial evidence to support the instruction. In plaintiff's motion he assigned the insufficiency of the

evidence to support the submission that plaintiff failed to check the gear because, in the light most favorable to defendant, there would arise two opposing inferences, one that plaintiff left the car in reverse, and the other that defendant put it in reverse, thus creating a failure of proof on the affirmative defense. Plaintiff also assigned at length the insufficiency of the evidence to support a finding that any act of the plaintiff was a proximate or contributing cause, and that plaintiff could not reasonably have foreseen any such occurrence; further, that the acts of defendant constituted an efficient, intervening cause. Other grounds were stated also, namely, that the instruction constituted a "roving commission" in that it did not require a finding that plaintiff left the car in gear, and that it was inconsistent, vague and confusing. The Court by its order granted the new trial on the following grounds: the failure of the evidence to show that plaintiff's acts were a direct, causative factor; that the evidence showed that plaintiff could not reasonably have foreseen any injury; and that defendant's acts constituted an efficient intervening cause. It also sustained the last two grounds mentioned above which constituted specific attacks on defects in the instruction itself. The Court filed a memorandum opinion which indicated very clearly that, viewing the evidence in the light most favorable to the verdict, plaintiff's acts could not have been "an efficient, proximate and concurring cause," because defendant assumed complete control of the car and activated it, and that his acts (in so doing and without applying the brake at any time) completely superseded any negligent act of plaintiff.

We do not now express disagreement with the reasons thus stated by the trial court, but we prefer to put our decision upon what is to us a plainer and more obvious ground, namely, that defendant did not meet his burden of producing substantial evidence to show that plaintiff was guilty of any contributory negligence. This is hardly a different ground from that adopted by the trial court (but rather a different reason); but, even if it be so considered, an appellate court may affirm an order granting a new trial upon a ground other than that stated by the trial court; the burden is then upon the respondent to establish the propriety of the order. Dial v. Seven-Up Bottling Co., Mo., 373 S.W.2d 53; Overton v. Tesson, Mo., 355 S.W.2d 909; White v. St. Louis Public Service Co., Banc, 364 Mo. 111, 259 S.W. 2d 795; Cantwell v. Zook, Mo., 250 S.W. 2d 980; Lynn v. Kern, Mo., 323 S.W.2d 726; Holmes v. McNeil, 356 Mo. 763, 203 S.W.2d 665. The ground so adopted must be preserved in the motion for a new trial. Respondent has briefed as his first point the insufficiency of the evidence to show any contributory negligence.

Contributory negligence may, like the negligence of a defendant, be shown by circumstances but, as said in Williams v. Cavender, Mo., 378 S.W.2d 537, at loc. cit. 541: "* * * the circumstances so established must give rise to an inference of negligence which reasonably follows, without guesswork or speculation. Thompson v. Jenkins, Mo., 330 S.W.2d 802, 804; Schoen v. Plaza Express Co., Mo., 206 S.W.2d 536, 538; Bowers v. Columbia Terminals Co., Mo.App., 213 S.W.2d 663, 670. As said in Bowers, supra, at loc. cit. 670: 'For the inference to be legitimate, the circumstances must of course point to the desired conclusion with reasonable certainty; and it is not enough that they may be merely consistent with such a conclusion, or that they may give equal support to inconsistent and contradictory conclusions.' It has frequently been held, and we now reaffirm the doctrine, that if the circumstances support inconsistent conclusions of equal probability, one in favor of plaintiff and one against, the plaintiff has failed in that event to establish her case, or to remove it from the realm of speculation."

Defendant relies on the cases of Price v. Seidler, Mo., 408 S.W.2d 815, and Kettler v. Hampton, Mo., 365 S.W.2d 518,

but primarily to show that the present occurrence was reasonably foreseeable by plaintiff *if* he left the car in reverse gear. Sundry other cases are also cited as supporting that contention. All are good law on their own facts. Those cases would require discussion if we reached that point, but we do not. We hold that there was no evidence and no reasonable inference from the evidence that plaintiff left the car in reverse gear when he got out of the front seat. We recognize the rule that in this situation the Court must view the evidence in the light most favorable to the defendant, since the verdict was in his favor. On this evidence, only one construction can be made.

■ Plaintiff and defendant were necessarily the only witnesses. From defendant's testimony no one could tell whether he found the car in reverse when he moved over under the wheel, or *whether he put it in reverse himself*. If any inference is to be drawn, the latter is just as reasonable as the former. In such event, defendant has established *no act* of contributory negligence. The plaintiff certainly did not aid the defendant's proof on this question; he testified three times, without equivocation, that he left the car in "Park." The cross-examination in which he was asked whether, if the gear was in drive and he "pushed it over two spots" it would be in reverse (and he answered "Yes, sir"), was meaningless except as a speculation, for there was no evidence whatever that plaintiff did push the indicator over "two spots." Defendant suggests in his brief that plaintiff's mistake in his deposition concerning the arrangement on the gear indicator would tend to show that he may have thought "that pushing the gear lever two markings up from 'drive'" would put the car in neutral whereas, actually, that would have placed it in reverse. The argument is immaterial; aside from the total absence of any evidence concerning "two markings" or "two spots," we note that "Park" was on the extreme left on the actual as well as the hypothetical indicator and there

could have been no confusion concerning that. Plaintiff at no time indicated that he was attempting to put the car in neutral.

In our view of the case it is not necessary to consider the specific objections to the instruction. If, conceivably, there should be a retrial in which contributory negligence becomes an issue, the defendant may then consider these various objections.

The order granting plaintiff a new trial is affirmed, and the cause is remanded.

All of the Judges concur.