Ray G. STARK, Appellant,

v.

Eugene L. BALES, M.D., Respondent.

No. 53953.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Jack Lukehart, Brunswick, for appellant.

John Franken, Carrollton, Robert S. Mc-Kenzie, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

HIGGINS, Commissioner.

Action for $25,000 damages for personal injuries in which defendant had a directed verdict at the close of plaintiff's evidence.

On August 18, 1966, plaintiff and his wife were at Bales Berry and Fruit Farm, owned by defendant, in response to a public invitation to pick berries on shares or to pay for berries picked. They arrived at a headquarters building, signed a guest book, and were taken by wagon to an area where they could pick peaches. There were two ladders, one metal and one wood, in the area and plaintiff was told by the wagon driver that if he found a ladder he could use it in picking peaches. Plaintiff selected the ten or twelve-foot metal ladder which appeared to him as a regular stepladder except it was wider at the base, tapered toward the top, and its back leg was single, i. e., the ladder was three-legged or tripod, with two legs in front and one round leg in the rear. The ladder was hinged at the top. Plaintiff stated there was "some sort of latching mechanism" at the top of the ladder but pictures in evidence and the ladder itself showed there was no latching mechanism.

Plaintiff, who was a power and light company meterman with 16-years' experience with ladders, took the ladder to the edge of a tree and "secured it in posi-

tion. * * * That back leg was probably in the branches a distance." He climbed about six feet (six of the twelve steps) and was picking peaches when "for some reason or other, the leg (the third or back, single leg) went forward with me * * * and let the ladder collapse down." In the resulting fall plaintiff's knee was injured requiring treatment and surgery with ultimate permanent disability.

On cross-examination plaintiff admitted that the ladder was not defective or dangerous and that its condition was open and obvious.

Plaintiff called defendant as a witness to examine the ladder in evidence and he testified that the ladder had never had a defect nor been broken, and it was in the same condition at trial as when purchased. At trial it was observed that two bolts which helped hold the third leg to the hinge mechanism were of different lengths and one was rusty, the other bright and shiny.

Plaintiff also called Ernest Knapheide. He testified that when he arrived at the site of the accident in response to a request for help, he found the ladder leaning against the tree limbs with the third leg folded under and that plaintiff told him, "I thought the ladder was going to fall and I jumped."

Plaintiff's wife, Edith, heard her husband screaming, went to where he was, and found him on the ground "sort of on top of the ladder." The ladder was "down practically to the ground. * * * It was sorta like it spread out." She did not remember whether she moved it when she helped her husband out of the ladder.

Plaintiff adduced this evidence under a petition which charged that defendant "carelessly and negligently furnished to plaintiff said three legged ladder and represented that said ladder was safe for the purpose intended; that defendant carelessly and negligently furnished plaintiff a defective three legged ladder."

At the close of plaintiff's evidence, defendant moved for a directed verdict on grounds plaintiff's evidence failed to show any insecure or defective condition in the ladder, failed to show any failure to warn plaintiff of any condition defendant knew which plaintiff did not know, failed to show the ladder was unsafe for its intended purpose, and that plaintiff was guilty of contributory negligence as a matter of law.

The court sustained the motion and directed a verdict for defendant for the reasons that "* * * you couldn't come to a decision in favor of the plaintiff without engaging in guesswork and speculation. * * * You have some evidence that the ladder collapsed, but there is no evidence * * * as to what caused that collapse, and the plaintiff himself stated * * * he didn't contend that the ladder was defective or dangerous. * * * if it had been defective or dangerous, then he should point out in what manner it was defective or dangerous, and that hasn't been done, except for a bit of evidence that the plaintiff contends that there are different bolts in the ladder now, and it was thought there might be a welded place on it and a dent in it, and still, there is no proof that it was caused from the events of the day in question." The court also commented that "if we assume that everything is true that the plaintiff brings out in the testimony * * *, if there is negligence proven on the part of the defendant, there is proof also of the negligence of the plaintiff * * *."

Appellant contends he did make a *prima facie* case of negligence against respondent on his testimony that the ladder collapsed and the difference in condition and appearance of the bolts. He argues it could be inferred from the difference in the bolts that the ladder had been broken and repaired. In support of his contention, appellant cites Holmes v. McNeil, 356 Mo. 763, 203 S.W.2d 665, 668[3], for the proposition that a cause may not be withdrawn from the jury unless the evidence and reasonable inferences are so strong against plaintiff as to have no room for reasonable minds to differ; and Williams v. Cavender, Mo., 378 S.W.2d 537, 541[2], and Thompson v. Jenk-

**516**

ins, Mo., 330 S.W.2d 802, 804–805[1], that negligence may be established by circumstantial evidence but such circumstances must give rise to a reasonable inference of negligence without guesswork or speculation.

There is no quarrel with these authorities but appellant's problem is that they do not assist him on the merits of his case.

In this case, respondent invited appellant to come on his land and use his ladder. He could be liable to appellant for injuries caused by an unsafe condition of land or ladder if the condition were known to respondent but not to plaintiff and if respondent negligently failed to warn appellant of that condition. The action is for negligence and the liability is governed by the rules which determine the liability for negligence. Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W. 2d 723, 726[2]. As in Stafford v. Fred Wolferman, Inc., Mo., 307 S.W.2d 468, 473 [3], "The basis of the defendant-proprietor's liability is defendant's superior knowledge of an unreasonable risk of harm of which the invitee does not or in the exercise of ordinary care should not know. Such a defendant is not liable for injuries due to dangers which are obvious, or as well known to plaintiff as to defendant. And in such circumstances there is no duty to warn because the invitee has the information which would be conveyed by a warning."

Plaintiff's evidence showed only that the back leg went forward and the ladder "for some reason" collapsed and he went down; he offered no evidence to show what caused the leg of the ladder to go forward. His attempt to describe a catch or latching mechanism at the top of the ladder was conclusively negated by the pictures he identified as showing the ladder as it appeared the day he used it. He testified that nothing broke and he testified that the ladder was neither defective nor dangerous. He directed attention to the difference in length and condition of two bolts but he failed to show any causal connection between their condition and what happened at the time of injury, i. e., he did not show that the bolts had anything to do with the third leg going forward resulting in collapse of the ladder, if in fact it did collapse. He has failed to show in what manner the ladder was not reasonably safe and he has shown no condition of the ladder known to respondent and not known to appellant. He does not contend the ladder was improper for the use he was invited to make of it.

In these circumstances, appellant has failed in his burden to prove causation by substantial evidence, Tharp v. Monsees, Mo., 327 S.W.2d 889, 893[1], and to get his case out of the realm of speculation and guesswork on negligence and causation, Gregory v. Robinson, Mo., 338 S.W.2d 88, 91[2], Davidson v. Hennegin, Mo., 304 S.W.2d 836, 839[6]. His situation is that of the plaintiff in Craddock v. Greenberg Mercantile, Inc., Mo., 297 S.W.2d 541, where the court, in discussing a fire instead of a fall, said, "The mere occurrence of a fire does not prove, or raise a presumption of, negligence. * * * Likewise, the mere occurrence of a fire raises no presumption as to its cause * * *. And there must be substantial evidence on both negligence and causation to make a submissible case." 297 S.W.2d l.c. 547 [3–6].

Since plaintiff failed to make a submissible case, it is not necessary to discuss contributory negligence.

Judgment affirmed.

HOUSER, C., not sitting.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., STORCKMAN, J., and HENLEY, Alternate J., concur.

HOLMAN, J., not sitting when cause was submitted.