**Dorothy A. WELLHAUSEN,
Plaintiff-Respondent,**

v.

**William HARRIS, Defendant-Appellant.**

**No. 43798.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 19, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

**102**

Mark G. Burns, Clayton, for plaintiff-respondent.

Donald W. Bird, St. Louis, for defendant-appellant.

SIMON, Presiding Judge.

An appeal from a post-trial order. Dorothy A. Wellhausen, plaintiff, filed this action for wrongful death in the Circuit Court of St. Charles County against William Harris, defendant, alleging that the death of her husband, Oliver, was due to defendant's negligence in the operation of his tractor-trailer.

The jury found in favor of the defendant; however, the trial court sustained plaintiff's motion for a new trial on the ground that defendant's contributory negligence instruction[1] was improperly given, in that, the "failure to keep a careful lookout" submission was not supported by the evidence and that he "drove at an excessive speed" or "drove at a speed which made it impossible for him to stop within the range of his visibility" submissions were duplicative and over-emphasized the issue of speed.

On appeal, defendant contends that the trial court erred in sustaining the motion for a new trial because the contributory negligence jury instruction was properly given in that: (1) the failure to keep a careful lookout submission was supported by substantial evidence and (2) the speed submission portions of the instruction did not over-emphasize that issue. Additionally, the defendant contends that a final judgment in another case arising from the same occurrence collaterally estops the plaintiff from relitigating the issue of Oliver Wellhausen's negligence. We reverse.

We shall view the evidence and its reasonable inferences in a manner favorable to the verdict. *Ryan v. Manheimer,* 435 S.W.2d 366, 369–370[5] (Mo.1968).

Oliver Wellhausen was driving his van to work at the McDonnell Douglas Corporation in St. Louis. He and his seven passengers left Carrolton, Illinois, as was their custom, at approximately 5:30 a.m. The accident occurred at the intersection of U.S. 67 and Missouri 94. U.S. 67 is a four lane divided highway, with a large median, run-

1. Instruction No. 7
   Your verdict must be for defendant Harris on plaintiff's claim for damages if you believe:
   First, either:
   Oliver Wellhausen failed to keep a careful lookout, or
   Oliver Wellhausen drove at an excessive speed, or
   Oliver Wellhausen drove at a speed which made it impossible for him to stop within the range of his visibility; and

   Second, Oliver Wellhausen, in any one or more of the respects submitted in paragraph First, was thereby negligent; and
   Third, such negligence of Oliver Wellhausen directly caused or directly contributed to cause any damage plaintiff may have sustained.
   Offered by Defendant Harris
   MAI 32.01(2); 17.19 modified

ning in a north-south direction. Missouri 94 is a two lane highway running in an east-west direction. An additional right turn lane is provided for drivers exiting U.S. 67 to turn right onto Missouri 94. The traffic lanes of U.S. 67 are twelve feet wide for a total of twenty-four feet, plus an additional twelve feet of pavement for the right turn lane for Missouri 94 at the intersection. Approximately one-fifth to one-fourth of a mile north of the intersection, the southbound lanes of U.S. 67 are level and straight. A flashing amber light for U.S. 67 traffic and a flashing red light for Missouri 94 traffic control the traffic at the intersection. Visibility was limited due to fog, and the pavement was wet.

Immediately prior to the accident, Oliver Wellhausen's van was southbound on U.S. 67 in the passing lane and defendant's tractor-trailer was northbound on U.S. 67. Defendant intended to make a U-turn to return to Interstate 70 but his tractor-trailer overshot the turn area at the intersection of U.S. 67 and Missouri 94, and because of the length of the tractor-trailer, he could not complete the turn without hitting the traffic island. Consequently, defendant straightened out his tractor-trailer and then proceeded to back across the southbound lanes of U.S. 67 onto the median between the north and south lanes of the highway. At the time of impact, the tractor-trailer was blocking the southbound passing lane. There was no traffic in the other southbound lanes. Following the collision, drivers traveling in the southbound passing lane of U.S. 67 were able to swerve to the right hand lanes to avoid colliding with the vehicles.

Trooper Raymond Pelker, of the Missouri State Highway Patrol, investigated the accident. He measured one hundred fifty feet of skid marks left by Wellhausen's van. At trial, expert testimony, based on the length of the skid marks, established that immediately prior to applying his brakes, Oliver Wellhausen was traveling at least 54 to 56 miles per hour. In addition, by applying the judicially noticed reaction time of ¾ second, the expert testimony indicated that Oliver Wellhausen made his decision to ap-

ply a full emergency stop at least two hundred ten feet from the point of impact.

Following the collision, Oliver Wellhausen, in response to why he was not alert and why he hit the tractor-trailer, admitted he did not see the tractor-trailer. Wellhausen died a few days later as a result of injuries sustained in the accident.

◼ The first point that we shall consider is whether the lookout submission contained in the contributory negligence verdict director has evidentiary support. In *Page v. Baxter,* 503 S.W.2d 32, 34[2] (Mo.App.1973), our brethren in the Western District held that when failure to keep a careful lookout is the theory of the submission, the evidence must show that the alleged negligent party saw or could have seen and that at the time and place where he saw or could have seen, there must have been an ability to avoid the collision. *See: Heberer v. Duncan,* 449 S.W.2d 561, 563[3] (Mo. banc 1970). The facts and circumstances of each case govern the submissibility of the lookout proposition.

A review of the evidence in the case at bar indicates that Oliver Wellhausen was operating his van southbound at a rate of 54 to 56 miles per hour in the passing lane of U.S. 67. Visibility was limited, but he applied his brakes approximately two hundred ten feet prior to the collision. Oliver Wellhausen admitted that he did not see the tractor-trailer. There was no traffic in the other southbound lanes, which would have permitted him to swerve into such lanes to avoid the collision. Based upon this evidence, it is reasonable to conclude that the jury could find that Oliver Wellhausen failed to keep a careful lookout and that such failure was the proximate cause of the collision.

Defendant correctly relies on *Dorrell v. Moore,* 504 S.W.2d 174, 178–179[6] (Mo.App. 1973), which involves a similar factual situation. In *Dorrell,* visibility was limited by fog to 200 feet and the Moore vehicle, traveling at a rate of 50–55 miles per hour, rear

ended the Dorrell vehicle which had pulled onto the highway from a side road. Moore applied his brakes, but did not take any other evasive action. Moore's explanation for not seeing the plaintiff sooner was "I wasn't looking down no gravel roads" and also acknowledged that as he drove south on the highway he was not looking to either side of the highway. Our brethren of the Southern District, finding that the evidence supported the "lookout" submission, stated:

" '[w]hat constitutes negligence in failing to keep a lookout in a particular direction at a particular time or place, and whether a driver who has looked has seen all that he should, is usually a fact question.' [citation omitted] 'Certainly in the case at bar whether [defendant] failed to see what he should have seen was a question to be decided by the jury. . . . And it was also within the province of the jury to determine that he could have affirmatively and efficaciously acted to avoid the collision. . . .' [citation omitted]" *Id.*

Likewise in the present case, we conclude that the lookout submission was supported by substantial evidence. Defendant's first point is well taken.

For his second point, defendant contends that the two speed submissions were not erroneous. We agree. Our Supreme Court in *Knowles v. Goswick,* 476 S.W.2d 563, 567[4] (Mo.1972), held that repetitious instructions will not constitute reversible error unless it plainly appears that they were in fact calculated to confuse or mislead the jury. Furthermore, multiple submissions of negligence, each having evidentiary support, are permissible. *See:* Notes on Use, MAI 17.02 (3rd ed.). We conclude that the speed submissions have evidentiary support and are not misleading or confusing. Defendant's second point is also well taken.

Since our findings on defendant's points one and two are fully dispositive of the appeal, we shall not consider the third point.

The order of the trial court is reversed with directions to enter judgment in accordance with the jury's verdict.

GEORGE F. GUNN, JR., Special Judge, and REINHARD, J., concur.